Debra K. ZIMMERMAN, Petitioner
and Appellee,

v.

NORTH DAKOTA DEPARTMENT OF
TRANSPORTATION DIRECTOR,
Respondent and Appellant.

Civil No. 950309.

Supreme Court of North Dakota.

Feb. 13, 1996.

Loren C. McCray, of Larson Law Firm, Jamestown, for petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Attorney General's Office, Bismarck, for respondent and appellant.

SANDSTROM, Justice.

The Director of the North Dakota Department of Transportation (the Department) appeals from a district court judgment reversing an administrative suspension of Debra Zimmerman's driver's license for driving with an illegal blood alcohol content. We hold the hearing officer's finding Zimmerman drove across the center line of the roadway was supported by a preponderance of the evidence and Zimmerman thereby committed a moving violation which gave the arresting officer reasonable suspicion for an investigative stop. We, therefore, reverse the judgment and remand for reinstatement of the administrative license suspension.

I

Officer Jay Gruebele observed Zimmerman's vehicle parked in an alley in downtown Jamestown at 1:20 a.m. on March 1, 1995. The vehicle remained in the alley after a passenger got out and walked away. According to Officer Gruebele, he approached the vehicle on foot to issue a warning citation for illegal parking. Zimmerman, the driver of the vehicle, testified she was unaware Gruebele had approached the vehicle or was standing by the driver's door with a flashlight when she drove out of the alley and proceeded down the street. Officer Cindy Sampers was in the immediate vicinity, and she began following Zimmerman's vehicle. Gruebele followed behind Sampers in his squad car. Because he was suspicious the driver of the vehicle may have been engaged in criminal activity while parked in the alley in the early morning hours, Gruebele radioed Officer Sampers to stop Zimmerman's vehicle. However, before Gruebele directed the stop, Sampers observed Zimmerman "cross the center line once." Officer Sampers testified Zimmerman's crossing the center line constituted a moving traffic violation, but she also candidly testified she stopped Zimmerman because Officer Gruebele had directed her to do so, not for the violation. After Officer Sampers stopped Zimmerman's vehicle, Gruebele approached Zimmerman, who was still sitting in the driver's seat. Gruebele detected an odor of alcohol on Zimmerman's breath, and he observed Zimmerman's speech was slurred. He conducted field sobriety tests which Zimmerman failed, and then Gruebele arrested Zimmerman for driving under the influence of intoxicating alcohol. The results of an intoxilyzer test showed Zimmerman had a blood alcohol concentration in excess of the legal limit.

Zimmerman was notified by the Department of its intent to suspended her driving privileges under N.D.C.C. Ch. 39–20. After an administrative hearing, a hearing officer found Zimmerman drove her vehicle outside of its lane of travel, giving Officer Sampers reasonable grounds to stop the vehicle. The hearing officer concluded Zimmerman had been driving with a blood alcohol concentration in excess of the legal limit, and the hearing officer suspended Zimmerman's driving privileges for 91 days, under N.D.C.C. § 39–20–04.1. Zimmerman appealed to the district court. The court found there was not a preponderance of evidence to show Officer Sampers had made a valid investigative stop, and the court reversed the Department's administrative suspension of Zimmerman's driving privileges. The Department appealed.

Zimmerman requested an administrative hearing under N.D.C.C. § 39–20–05. After the Department suspended her driving privileges, Zimmerman filed a timely notice of appeal from the administrative agency decision to the district court, under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. Art. VI, § 8, and

N.D.C.C. § 39–20–06. The Department filed a timely notice of appeal from the district court judgment, under N.D.C.C. § 28–32–21. This court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–32–21.

## II

■ An appeal from an administrative hearing officer's decision involving a license suspension under N.D.C.C. § 39–20–04.1, is governed by the Administrative Agencies Practice Act, N.D.C.C. Ch. 28–32. *Erickson v. Director, N.D. Dep't of Transp.,* 507 N.W.2d 537, 539 (N.D.1993). In reviewing an administrative agency order, under N.D.C.C. § 28–32–21, we review the findings and decisions of the agency and not those of the district court. *Johnson v. N.D. Dep't of Transp.,* 530 N.W.2d 359, 360 (N.D.1995). On appeal, the decision of the agency must be affirmed: (1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; (3) if the decision is supported by the conclusions of law; and (4) if the decision is in accordance with the law. *Wolf v. N.D. Dep't of Transp.,* 523 N.W.2d 545, 546 (N.D.1994). We do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind could reasonably have determined the facts or conclusions were supported by the weight of the evidence. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979); *Maher v. N.D. Dep't of Transp.,* 510 N.W.2d 601, 603 (N.D.1994). Resolving disputes over the underlying facts and circumstances supporting an officer's reasonable and articulable suspicion is the exclusive province of the hearing officer, as is determining the credibility of witnesses and the weight to be given their testimony. *Johnson* at 361.

## III

The dispositive issue in this case is whether the hearing officer's finding Officer Sampers observed Zimmerman commit a moving violation by crossing the center line is supported by a preponderance of the evidence, and, if so, whether her observation provides a valid basis for the stop, even though Sampers concedes her subjective reason for making the stop was Officer Gruebele's directive to do so.

### A

■ For a valid investigative stop of a vehicle, an officer must have a reasonable and articulable suspicion the motorist has violated or is violating the law. *State v. Graven,* 530 N.W.2d 328, 330 (N.D.1995). The trier of fact must use an objective standard and determine whether or not a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in criminal activity. *State v. Sarhegyi,* 492 N.W.2d 284, 286 (N.D.1992).

■ N.D.C.C. § 39–10–08(1) requires a vehicle to be driven upon the right half of the roadway, with certain exceptions not relevant here. Failure to comply with this section is a moving violation under N.D.C.C. § 39–06.1–09, subjecting the violator to a $20.00 fine under N.D.C.C. § 39–06.1–06. Officer Sampers gave substantial testimony showing she observed Zimmerman violate this general rule of the road:

"Officer Sampers, while . . . you were behind the vehicle, did you make any observations?

"OFFICER SAMPERS: In about the 500 block, she did cross the center line once.

\*     \*     \*     \*     \*     \*

". . . If there's compacted snow on Second Avenue Southwest, there's no way to be able to see a center line, is there?

"OFFICER SAMPERS: It's not . . . it's patchy. As I testified earlier, it's patchy with ice and stuff like that all over. You can tell approximately with the areas of where the vehicle should be on your roadway. We drive the roads every night. So we know approximately where the center line should be on a roadway.

\*     \*     \*     \*     \*     \*

". . . How could you make a determination that Ms. Zimmerman crossed over the center line? How did you make that determination?

"OFFICER SAMPERS: It appeared to be where the center line should be.

\* \* \* \* \* \*

". . . How far did she move out of her lane of traffic in you[r] opinion?

"OFFICER SAMPERS: It was just a slight move to the left, swerved to the left, probably a quarter of the car length to a half, or a quarter of the car to a half of the car.

". . . Outside of the lane?

"OFFICER SAMPERS: Yes."

Based upon this testimony, we believe a reasoning mind could find Officer Sampers observed Zimmerman commit a moving violation by crossing the center line out of her lane of travel.

### B

■ It is well settled, traffic violations, even if considered common or minor, constitute prohibited conduct which provide officers with requisite suspicion for conducting investigatory stops. *City of Wahpeton v. Roles*, 524 N.W.2d 598, 600–601 (N.D.1994) (vehicle rolled through stop sign); *State v. Woytassek*, 491 N.W.2d 709, 710–711 (N.D. 1992) (vehicle swerved in its own lane, crossed the center line once, and nearly struck a curb); *State v. Stadsvold*, 456 N.W.2d 295, 296 (N.D.1990) (traveling short distance without headlights on at night). The hearing officer's conclusion Officer Sampers' observation of the moving violation constituted a reasonable basis to stop Zimmerman's vehicle is in accord with these legal authorities.

### C

Zimmerman argues the moving violation cannot be used as the basis for Sampers' investigative stop, because Sampers testified she stopped the vehicle upon Officer Gruebele's directive and not because Zimmerman committed a moving violation.

■ We resolved a similar issue in *State v. Smith*, 452 N.W.2d 86, 89 (N.D.1990). In *Smith*, the officer stopped a vehicle to investigate a possible open container violation. We held the stop was valid even if the officer's articulated reason for the stop was inadequate, because the officer had made other observations which gave him reasonable

cause to stop the vehicle to issue a citation for unlawful deposit of refuse. We explained:

"In the context of probable cause to arrest, courts have held that, except for pretextual arrests, when an officer makes an arrest which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which there is no probable cause, nor his verbal announcement of the wrong offense, vitiates the arrest.

\* \* \* \* \* \*

"The same rule applies to police investigatory practices short of formal arrest."

*Smith* at 88–89. *See also State v. Hawley*, 540 N.W.2d 390, 392 (N.D.1995) ("the reasonable-and-articulable-suspicion standard is objective, and it does not hinge upon the subjective beliefs of the arresting officer.").

In *United States v. Cummins*, 920 F.2d 498, 500–501 (8th Cir.1990), *cert. denied*, 502 U.S. 962, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991), the United States Court of Appeals for the Eighth Circuit used similar reasoning in upholding an investigative stop based on the driver's failure to signal a right turn:

"Defendants argue that Officer Bernal's initial stop of the green Volkswagen was pretextual, because his real reason for making the stop was based on his suspicions aroused by their strange behavior rather than on Cummins' failure to signal a right turn. The defendants conclude that the stop was unreasonable under the Fourth Amendment. We disagree. When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle. . . . In our view, this otherwise valid stop does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity. It is also our view that the stop remains valid even if the officer would have ignored the traffic violation but for his other suspicions.

\* \* \* \* \* \*

"[W]e see no reason for requiring an officer's state of mind to perfectly match his legitimate actions. Such symmetry is not required by the Constitution. Accordingly, we hold that because Officer Bernal had

probable cause to believe that a traffic violation had occurred, his initial stop of the car driven by Cummins was valid."

The rationale of these cases is persuasive. Officer Sampers testified she observed Zimmerman commit a moving violation, and her observation gave her a valid basis to stop Zimmerman's vehicle. The validity of the stop is not vitiated merely because Officer Sampers subjectively stopped the vehicle for another reason (*i.e.,* Officer Gruebele told her to) which, in itself, may not have provided an adequate basis for the stop.

## IV

We conclude the hearing officer's findings of fact are supported by a preponderance of evidence, her conclusions of law are sustained by the findings of fact, and her decision is in accordance with the law. We, therefore, reverse the district court judgment and remand for reinstatement of the administrative suspension of Zimmerman's driving privileges.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ.