1997 ND 147

**Luke KAHL, Petitioner and Appellee,**

v.

**DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

Civil No. 970031

Supreme Court of North Dakota.

July 17, 1997.

Mark L. Greenwood of Greenwood, Greenwood, Greenwood, Selinger & Ramsey, Dickinson, for Petitioner and Appellee.

Candace Ann Prigge, Assistant Attorney General, Attorney General's Office, Bismarck, for Respondent and Appellant.

SANDSTROM, Justice.

[¶ 1] The Director of the North Dakota Department of Transportation appeals from a district court judgment reversing the administrative suspension of Luke Kahl's driver's license for driving under the influence of alcohol. We conclude the appeal is not moot and the hearing officer's finding Kahl drove across the center line was supported by a preponderance of the evidence, giving the officer grounds for a stop. We also conclude the officer had probable cause to arrest Kahl. Therefore, we reverse the judgment and remand for reinstatement of the administrative license suspension.

## I

[¶ 2] On June 30, 1996, a deputy of the Bowman County Sheriff's Department made a routine traffic stop on highway 12. During the stop, another vehicle approached the scene. The driver told the deputy a pickup traveling on highway 12 went into the ditch, came back up onto the road, and proceeded along the highway. The deputy proceeded in his squad car and shortly thereafter observed a pickup traveling on highway 12. The deputy testified, "As I got in behind the vehicle, I watched it for a period of approximately half a mile. It did cross the center line twice, so I proceeded to pull the vehicle over at that time."

[¶ 3] The deputy approached the driver, Luke Kahl, and asked him for his driver's license. Kahl said he left it at home. At the deputy's request, Kahl accompanied him to his squad car. When Kahl was seated in the squad car, the deputy detected an odor of alcohol. Kahl admitted he had been drinking. After conducting field sobriety tests, the deputy arrested Kahl for driving under the influence of alcohol. Blood test results showed Kahl had a blood alcohol concentration of .11 percent.

[¶ 4] Kahl requested an administrative hearing on his license suspension. The hearing officer suspended Kahl's license for 91 days. Kahl appealed to the district court. The district court found the deputy:

"did not establish whether Kahl's crossing of the center line was merely 'slight weaving' or an 'erratic movement.'

. . . .

"[I]t is quite common knowledge that there are thousands of pickup trucks in Southwest North Dakota and it is not at all uncommon for those vehicles to be seen crossing a roadway center line . . . without being engaged in any criminal activity."

The district court found the deputy did not have reasonable and articulable suspicion to stop Kahl. The court reversed the suspension of Kahl's driver's license. The Department of Transportation appeals.

[¶ 5] The appeal from the administrative agency decision to the district court was timely under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 28–32–19. The appeal from the district court was timely under N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–32–21.

## II

[¶ 6] Kahl argues because the district court reversed more than 91 days after the department suspended his license, and he had served the full period of suspension, the appeal is moot. "Mootness is a threshold issue we decide before reaching the merits of the case." *Bland v. Commission on Med. Competency*, 557 N.W.2d 379, 381 (N.D. 1996). " 'An appeal is moot when an appellate court is unable to provide effective relief because of a lapse of time.' " *Bland* (quoting *Medical Arts Clinic, P.C. v. Franciscan Initiatives*, 531 N.W.2d 289, 294 (N.D.1995)).

[¶ 7] "The United States Supreme Court has held that a defendant's completion of a sentence imposed as a result of a criminal conviction does not render a direct appeal from the conviction moot because of the collateral consequences stemming from a conviction, including consideration of the conviction in sentencing should the defendant again be convicted of a crime." *Sampson v. State*, 506 N.W.2d 722, 724 n. 1 (N.D.1993) (citing *Sibron v. New York*, 392 U.S. 40, 56, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968)). We conclude the same applies in cases involving administrative sanctions.

[¶ 8] Although Kahl has completed the ninety-one-day suspension, he now faces enhanced penalties for future violations. *See* N.D.C.C. § 39–20–04.1 (providing longer periods of suspension if a person's license has previously been suspended, denied, or revoked for a violation of N.D.C.C. § 39–08–01). When a suspension can have detrimental effects on a defendant at some time in the future, the issue of whether the department properly suspended the defendant's license is not moot, despite the fact the defendant has already served the entire suspension. *See State v. Key,* 388 N.W.2d 866 (N.D.1986) (waiver of the defendant's right to a jury trial was not a moot issue, even though the defendant had served his entire sentence, because the conviction carried the possibility of harsher sentences being imposed for future violations). Because Kahl faces longer suspensions upon any future violations, we conclude the issue is not moot and proceed to the merits of the case.

### III

[¶ 9] The Administrative Agencies Practice Act governs appeals from an administrative hearing officer's suspension of a driver's license under N.D.C.C. § 39–20–04.1. *Rudolph v. North Dakota Dep't of Transp. Dir.,* 539 N.W.2d 63, 65–66 (N.D.1995); *see* N.D.C.C. ch. 28–32 (Administrative Agencies Practice Act). "This Court reviews the record of the administrative agency as a basis for its decision rather than the district court decision." *Rudolph* at 66; *Erickson v. Director, North Dakota Dep't of Transp.,* 507 N.W.2d 537, 539 (N.D.1993).

[¶ 10] "On appeal, the decision of the agency must be affirmed: (1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; (3) if the decision is supported by the conclusions of law; and (4) if the decision is in accordance with the law." *Zimmerman v. North Dakota Dep't of Transp. Dir.,* 543 N.W.2d 479, 481 (N.D.1996). "We accord great deference to the rulings of administrative agencies." *Borowicz v. North Dakota Dep't of Transp.,* 529 N.W.2d 186, 187 (N.D. 1995). " 'We determine only whether a rea-

soning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.' " *Borowicz* (quoting *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979)).

### IV

[¶ 11] Kahl argues crossing the center line is not sufficient by itself to create reasonable and articulable suspicion justifying a stop. Kahl also argues the tip the deputy received about the pickup was not sufficiently corroborated to establish reasonable suspicion. The Department argues the deputy had reasonable and articulable suspicion to make the stop because he observed Kahl cross the center line.

[¶ 12] Reasonable suspicion is a standard less stringent than probable cause. *State v. Jesfjeld,* 1997 ND 23, ¶ 8, 559 N.W.2d 543. Probable cause to believe a driver has violated a traffic law renders a "stop reasonable under the Fourth Amendment, [and] the evidence thereby discovered admissible." *Whren v. United States,* 517 U.S. ——, ——, 116 S.Ct. 1769, 1777, 135 L.Ed.2d 89, 101 (1996); *see also Zimmerman* at 482 (traffic violations, even if considered common or minor, constitute prohibited conduct, which provides officers with grounds for a stop) (citing *City of Wahpeton v. Roles,* 524 N.W.2d 598, 600–01 (N.D.1994) (vehicle rolled through stop sign); *State v. Woytassek,* 491 N.W.2d 709, 710–11 (N.D.1992) (vehicle swerved in its own lane, crossed the center line once, and nearly struck a curb); *State v. Stadsvold,* 456 N.W.2d 295, 296 (N.D. 1990) (traveling short distance without headlights on at night)).

[¶ 13] "N.D.C.C. § 39–10–08(1) requires a vehicle to be driven upon the right half of the roadway, with certain exceptions not relevant here." *Zimmerman* at 481. "Failure to comply with this section is a moving violation under N.D.C.C. § 39–06.1–09, subjecting the violator to a $20.00 fine under N.D.C.C. § 39–06.1–06." *Zimmerman.*

[¶ 14] The hearing officer's finding Kahl crossed the center line is supported by

the deputy's testimony. The hearing officer's conclusion the deputy's observation of the moving violation constituted a reasonable basis for the stop is in accordance with the law. Because the moving violation gave the deputy not only a reasonable suspicion but also probable cause to stop Kahl's vehicle, we need not address the issue of whether the tip had been sufficiently corroborated.

## V

[¶ 15] Kahl argues the deputy did not have probable cause to arrest him for driving under the influence. The hearing officer found the deputy detected an odor of alcohol coming from Kahl, Kahl admitted drinking five or six beers, and Kahl failed to complete the "one-leg-stand" test, stating he "didn't think anybody could do the test in his condition."

[¶ 16] "Probable cause is a question of law, fully reviewable on appeal." *Chadwick v. Moore,* 551 N.W.2d 783, 786 (N.D.1996). "To arrest a driver for driving under the influence, two elements are necessary to establish probable cause: (1) 'the law enforcement officer first must observe some signs of impairment, physical or mental[,]' and (2) 'the law enforcement officer must have reason to believe the driver's impairment is caused by alcohol.'" *Chadwick* (quoting *Moran v. North Dakota Dep't of Transp.,* 543 N.W.2d 767, 770 (N.D.1996)) (citation omitted).

[¶ 17] Detecting an odor of alcohol "is a relevant factor in determining probable cause." *Chadwick; see also Mayo v. Moore,* 527 N.W.2d 257, 259–60 (N.D.1995). Kahl's own words and his failing the field sobriety test are also relevant. *McNamara v. Director of N.D. Dep't of Transp.,* 500 N.W.2d 585, 588 (N.D.1993). Because the deputy observed signs of impairment and clearly had reason to believe the impairment was caused by alcohol, we conclude there was probable cause to arrest Kahl for driving under the influence.

## VI

[¶ 18] The decision of the Department is supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision is in accordance with the law. We therefore reverse the district court judgment and remand for reinstatement of the administrative suspension of Kahl's driving privileges.

[¶ 19] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.