1997 ND 193

**Gregory R. WHEELING, Petitioner and Appellant,**

v.

**DIRECTOR OF NORTH DAKOTA DE- PARTMENT OF TRANSPORTATION, Respondent and Appellee.**

**Civil No. 970104.**

Supreme Court of North Dakota.

Sept. 30, 1997.

Faron E. Terry, Minot, for petitioner and appellant.

Candace A. Prigge, Assistant Attorney General, Office of Attorney General, Bismarck, for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Gregory Wheeling appeals from a district court judgment affirming the administrative suspension of his driver's license for driving under the influence of alcohol. We conclude the traffic violation observed by the officer provided probable cause for the stop prior to Wheeling reaching the checkpoint. We therefore affirm the judgment.

I

[¶ 2] While manning a North Dakota Game and Fish Department checkpoint, a North Dakota Highway Patrol officer observed a vehicle with only one functioning headlight approaching in the right lane. The vehicle slowed and stopped and then continued forward, changing to the left lane. The officer waved the vehicle forward and stopped it. The officer asked the driver, Gregory Wheeling, whether he had seen the game checkpoint signs. Wheeling said he had not—he thought there had been an accident. The officer smelled alcohol and noticed Wheeling's eyes were bloodshot. After conducting field sobriety tests, the officer placed Wheeling under arrest for driving under the influence of alcohol. A blood test showed Wheeling's blood alcohol concentration was above the legal limit.

[¶ 3] The Department of Transportation notified Wheeling of its intent to suspend his license, and Wheeling requested an administrative hearing. The hearing officer found the use of the Game and Fish Department checkpoint valid and the traffic violation provided the officer with "reasonable articulable suspicion" to stop Wheeling's vehicle. Wheeling's license was suspended for 365 days. Wheeling appealed the suspension to the district court. The district court affirmed the hearing officer's decision. Wheeling appeals.

[¶ 4] The agency hearing was timely under N.D.C.C. § 39–20–05. The appeal to the district court was timely under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. §§ 28–32–19 and 39–20–06. The appeal from the district court was timely under N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–32–21.

II

[¶ 5] The Administrative Agencies Practice Act governs appeals from an administrative hearing officer's suspension of a driver's license under N.D.C.C. § 39–20–04.1. *See* N.D.C.C. Ch. 28–32; *Nelson v. Director, North Dakota Dep't of Transp.*, 1997 ND 81, ¶ 7, 562 N.W.2d 562. "In reviewing an administrative agency order, under N.D.C.C. § 28–32–21, we review the findings and decisions of the agency and not those of the district court." *Zimmerman v. North Dako-*

ta Dep't of Transp. Dir., 543 N.W.2d 479, 481 (N.D.1996) (citation omitted). We affirm the agency's decision unless:

"1) a preponderance of the evidence does not support the agency's findings; 2) the agency's findings of fact do not support its conclusions of law and its decision; 3) the agency's decision violates the constitutional rights of the appellant; 4) the agency did not comply with the Administrative Agencies Practice Act in its proceedings; 5) the agency's rules or procedures have not afforded the appellant a fair hearing; or 6) the agency's decision is not in accordance with the law."

Greenwood v. Moore, 545 N.W.2d 790, 793 (N.D.1996). "We do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind could reasonably have determined the facts or conclusions were supported by the weight of the evidence." Zimmerman at 481 (citing Power Fuels, Inc. v. Elkin, 283 N.W.2d 214, 220 (N.D.1979)). However, the ultimate conclusion of whether the facts meet the legal standard, rising to the level of probable cause, is a question of law, fully reviewable on appeal. Kahl v. Director, North Dakota Dep't of Transp., 1997 ND 147, ¶ 16, 567 N.W.2d 197; Salter v. North Dakota Dep't of Transp., 505 N.W.2d 111, 112 (N.D.1993).

### III

[¶ 6] Wheeling concedes traffic violations provide not only reasonable articulable suspicion, but also probable cause for a stop. See Kahl at ¶ 14. But he argues the probable cause for the stop is nullified because the Game and Fish Department checkpoint was unconstitutional and, "but for" the checkpoint, the officer would not have stopped Wheeling for the broken headlight. We conclude the validity of the checkpoint is irrelevant; the traffic violation provided probable cause for the stop prior to Wheeling reaching the checkpoint.

### A

[¶ 7] Wheeling cites State v. Goehring, 374 N.W.2d 882, 888 (N.D.1985), arguing a "safety" checkpoint is unconstitutional without evidence of appropriate guidelines for stopping vehicles. In Goehring, this Court quoted the United States Supreme Court's decision in Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979). Goehring and Prouse, however, analyzed the validity of stops for which no independent probable cause or reasonable articulable suspicion existed. See Goehring at 883 ("Goehring had committed no traffic offense and his vehicle had no apparent safety defects."); see also State v. Wetzel, 456 N.W.2d 115, 117 (N.D.1990) (addressing validity of checkpoint when there was no probable cause or reasonable articulable basis for the stop "other than for the fact that he was conducting a vehicle safety inspection checkpoint"); United States v. Holloman, 113 F.3d 192, 195 (11th Cir. 1997) ("The roadblock and roving stop cases concern whether, consistent with the Fourth Amendment, the Government may temporarily detain motorists in the absence of probable cause or reasonable articulable suspicion." (citation omitted)).

[¶ 8] In Prouse, the United States Supreme Court expressly excluded from its holding "those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law...." Prouse at 663, 99 S.Ct. at 1401. In Whren v. United States, 517 U.S. 806, ——, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996), the United States Supreme Court, citing Prouse, stated: "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." The Supreme Court noted it has not applied a balancing analysis when probable cause is present, except in extraordinary circumstances. Whren at ——, 116 S.Ct. at 1776. The Supreme Court held "the 'multitude of applicable traffic and equipment regulations'" do not provide an exception "to the traditional common-law rule that probable cause justifies a search and seizure." Whren at ——, 116 S.Ct. at 1777.

## B

[¶ 9] We have previously rejected Wheeling's "but for" argument in the context of pretextual stops. Our cases make it clear traffic violations provide a proper basis for stops, even if pretextual, and evidence discovered during such stops is admissible. *See Kahl* at ¶ 12 (quoting *Whren* ); *Zimmerman* at 482–83; *see also Whren.* In *Zimmerman,* we held a stop based on a traffic violation, resulting in Zimmerman's arrest for driving under the influence, was not invalidated merely because the police officer who made the stop had a subjective reason which, by itself, "may not have provided an adequate basis for the stop." *Zimmerman* at 483. In *Kahl,* a motorist saw a pickup drive into a ditch and informed a sheriff's deputy. The deputy later observed the pickup and testified he saw it cross the center line twice in violation of N.D.C.C. § 39–06.1–09. *Kahl* at ¶¶ 2, 13. As a result of the stop, Kahl was arrested for driving under the influence. *Kahl* at ¶ 3. We affirmed the administrative suspension of Kahl's license, holding the deputy's observing Kahl's vehicle crossing the center line provided not only reasonable suspicion, but also probable cause to stop Kahl's vehicle. *Kahl* at ¶ 14. Similar to the argument made by Wheeling in this case, the deputy in *Kahl* may not have observed the traffic violation were it not for the motorist's tip, but because probable cause was present, we did not address whether the motorist's tip had been sufficiently corroborated. *Kahl* at ¶ 14.

## C

[¶ 10] In support of his "but for" argument, Wheeling has cited no case in which the prior and independent presence of probable cause was nullified by the unconstitutional operation of a checkpoint. The Texas Court of Criminal Appeals, in upholding the validity of a stop, did not address the validity of the roadblock, reasoning:

> "A roadblock existing in isolation means nothing, and only becomes constitutionally relevant if because of the law enforcement activity the driver's liberty is sufficiently interfered with to constitute a 'seizure.'
> * * * *

> "Appellee was not 'seized' until *after* Officer Holzschuh observed him commit a traffic violation, providing him with the requisite probable cause. The officers' activity *prior to* their observation of appellee's violation of the law did not amount to a Fourth Amendment seizure of any vehicle, much less appellee's.
> * * * *

> "Often, however, the initial stop made in connection with the operation of a roadblock will be justified because of a prior, independent reasonable suspicion. In those cases, the constitutionality of the roadblock is irrelevant because the 'seizure' of the motorist is based on a prior and independent source and therefore, the exclusionary rule has no application.
> * * * *

> "The record reveals that appellee committed a traffic offense in plain view of Officer Holzschuh *before* reaching the officer's position and *before* being seized . . . by the other officers. That is to say, appellee's actions provided a basis independent of the so-called roadblock which justified his detention and arrest, and we need not even reach the validity of any alleged roadblock. This case should be analyzed under standard Fourth Amendment doctrine, without any reference whatsoever to . . . sobriety checkpoints. It has been miscast from the beginning, and the various participants apparently beguiled by the presence of both traffic control devices and the ultimate DWI charge. Put simply, this is not a 'roadblock' type case. This case does not involve a suspicionless seizure at an unconstitutional roadblock."

*State v. Skiles,* 938 S.W.2d 447, 452–55 (Tex. Crim.App.1997) (en banc) (citations and footnotes omitted) (citing cases and 4 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 10.8(a), at 681 (3d ed.1996)); *see also State v. Weber,* 220 N.J.Super. 420, 532 A.2d 733, 734 (App.Div. 1987) (holding the validity of a checkpoint need not be considered when the defendant is stopped for a traffic violation); *Johnson v. State,* 833 S.W.2d 320, 321 (Tex.App.1992, pet.ref'd) (rejecting appellant's argument, " 'but for the illegal roadblock,' " the arrest-

ing officer would not have stopped the appellant, when the appellant ran a stop sign and weaved across the roadway).

[¶ 11] The reasoning of *Skiles* is persuasive, and our prior decisions and the decisions of the United States Supreme Court in *Prouse* and *Whren* make clear the officer's observing a traffic violation provided a prior and independent basis for the stop, even if pretextual, and we need not address the validity of the checkpoint.

## IV

[¶ 12] We conclude the hearing officer's findings of fact are supported by a preponderance of the evidence, her conclusions of law are sustained by the findings of fact, and her decision is in accordance with the law. We affirm the district court judgment.

[¶ 13] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.