1997 ND 222

**Richard B. BAER, Appellee,**

v.

**DIRECTOR, NORTH DAKOTA DE-PARTMENT OF TRANSPOR-TATION, Appellant.**

**Civil No. 970174.**

Supreme Court of North Dakota.

Dec. 2, 1997.

Petition for Rehearing Denied Dec. 19, 1997.

Andrew Moraghan, Assistant Attorney General, Attorney General's Office, Bismarck, for appellant.

Thomas M. Tuntland, Mandan, for appellee.

MARING, Justice.

[¶ 1] The Director of the North Dakota Department of Transportation appeals from a district court judgment reversing the administrative suspension of Richard B. Baer's driver's license for driving under the influence. We conclude the officer had probable cause to arrest Baer. We, therefore, reverse the district court judgment and remand for reinstatement of the administrative license suspension.

I.

[¶ 2] On November 16, 1996, at approximately 1:05 a.m., a Mandan police officer observed a jeep leaving the Lonesome Dove bar parking lot in Mandan. The officer was on routine patrol and traveling eastbound on Memorial Highway at 40 miles per hour. The officer testified the jeep did not come to a complete stop at the stop sign at the intersection of the bar's parking lot and Memorial Highway. The jeep, instead, pulled out directly in front of her patrol car just as she arrived at the intersection. The officer testified she slammed on her brakes to avoid colliding with the side of the jeep, and the jeep also accelerated to avoid an accident. The officer turned around her patrol car, activated its overhead lights, and stopped the jeep.

[¶ 3] The officer approached the stopped jeep, and the driver, Richard B. Baer, rolled down his window. Baer's wife was also a passenger in the jeep. The officer testified she noticed a strong odor of alcohol coming from the jeep after Baer rolled down his window. The officer then asked Baer for his driver's license. The officer testified Baer had difficulty taking his license out of his wallet, but eventually pulled out the license and held it out his window. The officer

testified Baer did not speak or look at her, and he did not let go of the license. Baer finally let go of the license after she told him to do so.

[¶ 4] The officer asked Baer if he knew why he had been stopped. Baer simply nodded. The officer asked Baer if he would attempt some field sobriety tests. Baer shook his head and responded that he could not. The officer testified Baer still did not look at her, but instead stared straight ahead. The officer again asked Baer to perform several field sobriety tests, but Baer refused. The officer returned to her patrol car, ran a license check, and requested backup.

[¶ 5] After backup arrived, the officer returned to the jeep and asked Baer to step out of his vehicle. Baer opened his door and staggered as he got out of the jeep. The officer testified Baer had "very glossy eyes" and a "distinct stare." At this point, the officer also smelled alcohol coming from Baer and detected the odor of a cough drop. Based upon her observations, the officer issued a warning citation to Baer for failing to yield and placed Baer under arrest for driving under the influence. A blood test revealed Baer's blood alcohol concentration was above the legal limit.

[¶ 6] After the North Dakota Department of Transportation notified Baer of its intent to suspend his license, Baer requested an administrative hearing. The hearing officer found the police officer had "reasonable and articulable suspicion" to stop Baer's vehicle and the police officer "reasonably believed" Baer had been driving under the influence of alcohol. Baer's license was suspended for 365 days. Baer appealed the suspension to the district court arguing the officer lacked sufficient grounds to arrest him for driving under the influence. The district court reversed the administrative suspension. The Director of the North Dakota Department of Transportation appeals the district court judgment.

## II.

[¶ 7] The Administrative Agencies Practice Act governs appeals from an administrative hearing officer's suspension of a

driver's license under N.D.C.C. § 39–20–04.1. *See* N.D.C.C. ch. 28–32; *Wheeling v. Director, North Dakota Dep't of Transp.*, 1997 ND 193, ¶ 5, 569 N.W.2d 273. "In reviewing an administrative agency order, under N.D.C.C. § 28–32–21, we review the findings and decisions of the agency and not those of the district court." *Wheeling*, 1997 ND 193, ¶ 5 569 N.W.2d 273 (quoting *Zimmerman v. North Dakota Dep't of Transp. Dir.*, 543 N.W.2d 479, 481 (N.D.1996)). We also look to the record compiled before the agency. *Moran v. North Dakota Dep't of Transp.*, 543 N.W.2d 767, 769 (N.D.1996). On appeal, we must affirm the agency's decision if:

> (1) [ ] the findings of fact are supported by a preponderance of the evidence; (2)[ ] the conclusions of law are sustained by the findings of fact; (3)[ ] the decision is supported by the conclusions of law; and (4)[ ] the decision is in accordance with the law.

*Kahl v. Director, North Dakota Dep't of Transp.*, 1997 ND 147, ¶ 10, 567 N.W.2d 197 (quoting *Zimmerman*, 543 N.W.2d at 481). We give great deference to administrative agency rulings. *Id.* Accordingly, "[w]e do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind could reasonably have determined the facts or conclusions were supported by the weight of the evidence." *Wheeling*, 1997 ND 193, ¶ 5, 569 N.W.2d 273. "However, the ultimate conclusion of whether the facts meet the legal standard, rising to the level of probable cause, is a question of law, fully reviewable on appeal." *Id.; see Kahl*, 1997 ND 147, ¶ 16, 567 N.W.2d 197.

## III.

[¶ 8] In the agency's decision, the hearing officer made findings of fact that Baer was leaving a bar parking lot, was driving erratically almost causing an accident with the police officer, had difficulty handling his license, and "exited his vehicle with a stagger." The hearing officer also found the police officer observed a strong odor of alcohol coming from Baer and described Baer's eyes as being "glossy" and having a "distinct stare."

[¶ 9] Baer argues there is no evidence in the record the strong odor of alcohol came from Baer. The police officer, however, testified she detected the odor of alcohol first, when Baer rolled down his window, and second, on him after he stepped out of the jeep. "When deciding whether a preponderance of evidence supports the agency's findings, we ask only whether a reasoning mind could reasonably determine that the weight of the evidence supports the findings." *Moran*, 543 N.W.2d at 769. Because uncontroverted evidence in the record supports the hearing officer's findings, a reasoning mind could reasonably determine the weight of the evidence backs the findings. We conclude, therefore, a preponderance of the evidence supports the hearing officer's findings.

[¶ 10] In this case, the dispositive issue is whether the agency's findings of fact support the conclusion that the police officer had probable cause to arrest Baer for driving under the influence. The hearing officer found the police officer had probable cause to arrest and "reasonably believed [Baer] had been driving a vehicle while under the influence of an intoxicating liquor in violation of N.D.C.C. § 39–08–01 or equivalent ordinance." Although we do not defer to the hearing officer's probable cause conclusion because probable cause is fully reviewable on appeal, we will defer to the findings of fact if supported by a preponderance of the evidence. *Chadwick v. Moore*, 551 N.W.2d 783, 786 (N.D.1996).

[¶ 11] "Probable cause to arrest exists when the facts and circumstances within a police officer's knowledge and of which he had reasonable trustworthy information are sufficient to warrant a person of reasonable caution to believe [ ] an offense has been or is being committed." *Id.* (citations and quotations omitted). The police officer does not need "knowledge or facts sufficient to establish guilt." *Id.* To arrest a driver for driving under the influence, two elements are necessary to establish probable cause: the law enforcement officer must (1) first ob-

serve some signs of physical or mental impairment, and (2) have reason to believe the driver's impairment is caused by alcohol. *Kahl*, 1997 ND 147, ¶ 16, 567 N.W.2d 197 (citing *Chadwick*, 551 N.W.2d at 786).

[¶ 12] We have previously held both violating the law and leaving the vicinity of a bar to be relevant factors in a police officer's probable cause determination for driving under the influence. *Chadwick*, 551 N.W.2d at 786. We have also held a police officer's detection of an alcohol odor and observation of glassy, red, watery, and bloodshot eyes to be relevant factors. *See id.; Moran*, 543 N.W.2d at 770; *Mayo v. Moore*, 527 N.W.2d 257, 259–60 (N.D.1995)(including consideration of driver's difficulty in locating driver's license).

[¶ 13] The hearing officer found signs of physical and mental impairment in Baer's erratic driving, his failure to yield almost resulting in an accident with the patrol car, his difficulty with his license, and his staggering while exiting the jeep. The hearing officer also found reasons to believe the impairment was caused by alcohol based upon the fact Baer was leaving the parking lot of a bar, the alcohol odors from Baer, and Baer's "glossy"[1] eyes and "distinct stare." While these relevant factors may be individually insufficient to demonstrate probable cause, their cumulative effect is sufficient. *See Moran*, 543 N.W.2d at 770.

[¶ 14] Because the police officer observed signs of impairment and had reason to believe the impairment was caused by alcohol, we conclude the officer had probable cause and properly arrested Baer for driving under the influence. Although Baer argues it is improper to consider his avoidance of the officer in the initial contact and his refusal to perform field sobriety tests in a probable cause determination, we need not decide these issues here because we hold probable cause to arrest exists without consideration of these facts. *See Chadwick*, 551 N.W.2d at 787; *Mayo*, 527 N.W.2d at 259.

---

1. Baer unpersuasively argues the police officer's use of the term "glossy" has a different legal significance than the term "glassy" when describing eyes affected by the consumption of al-

cohol. Although perhaps less accurate, "glossy" is an adequate synonym for "glassy" in this context. *See The Oxford Thesaurus: American Edition* 189 (1992).

## IV.

[¶ 15] We conclude the hearing officer's findings of fact are supported by a preponderance of the evidence, his conclusions of law are sustained by the findings of fact, and his decision is in accordance with the law. We, therefore, reverse the district court judgment and remand for reinstatement of the administrative suspension of Baer's driving privileges.

[¶ 16] VANDE WALLE, C.J, and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

