1998 ND 114

**Allen H. PRESTENG, Petitioner and Appellee,**

v.

**DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

Civil No. 970369.

Supreme Court of North Dakota.

June 4, 1998.

Andrew Moraghan (argued), Attorney General's Office, Bismarck, for respondent and appellant.

Robert J. Woods (argued), of Woods Legal Services, Forest River, for petitioner and appellee.

MARING, Justice.

[¶ 1] The Director of the North Dakota Department of Transportation (Department) appeals from a district court judgment re-

versing an administrative hearing officer's decision suspending Allen H. Presteng's driving privileges for 365 days for driving under the influence of alcohol. We conclude the police officer had probable cause to arrest Presteng for driving under the influence of alcohol. We, therefore, reverse the district court judgment and reinstate the administrative license suspension.

## I

[¶ 2] On January 9, 1997, sometime after midnight, the Grafton police dispatcher received a call reporting a collision involving two snowmobiles. The dispatcher called Highway Patrol Officer Cave, who was on call at that hour, to investigate the collision. Officer Cave testified he left his residence at 12:41 a.m. and arrived at the accident scene at 12:45 a.m. Officer Cave testified that other emergency personnel were already on the scene, and one snowmobile operator was in an ambulance leaving the scene. Another officer informed Officer Cave that Allen Presteng was the person in the ambulance and that Presteng had an odor of an alcoholic beverage on his breath. Officer Cave then spoke to the other snowmobile operator involved in the accident who was still present at the scene. Based upon his conversation with this other snowmobile operator and statements of other witnesses, Officer Cave testified the accident occurred at approximately 12:15 a.m. Officer Cave also testified the other snowmobile operator passed an Alco–Sensor breath test and spoke with Officer Cave for approximately 20 minutes. Officer Cave then proceeded to the hospital to make contact with Presteng.

[¶ 3] At the hospital, Presteng appeared severely injured. Officer Cave testified Presteng acknowledged operating one of the snowmobiles involved in the collision but could not remember what had happened. Officer Cave also observed Presteng's bloodshot, glassy eyes and an odor of alcohol on his breath. Because Presteng was in pain, Officer Cave testified he did not "push the questioning" and informed Presteng he was under arrest for driving under the influence. After being placed under arrest, Presteng requested an Alco–Sensor breath test. Pres-

teng also consented to a blood test which revealed Presteng's blood alcohol concentration was above the legal limit.

[¶ 4] After the North Dakota Department of Transportation notified Presteng of its intent to suspend his license, Presteng requested an administrative hearing. At the administrative hearing, evidence additionally showed Presteng had a 1993 conviction for driving under the influence. The hearing officer decided the N.D.C.C. ch. 39–20 issues against Presteng and concluded Officer Cave had reasonable grounds to believe Presteng had been operating a vehicle in violation of N.D.C.C. § 39–08–01 or equivalent ordinance. The hearing officer suspended Presteng's driving privileges for 365 days. On appeal, the district court reversed the administrative suspension. The Director of the North Dakota Department of Transportation appeals to this Court.

## II

[¶ 5] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs appeals from an administrative hearing officer's suspension of a driver's license. In reviewing an agency's order on appeal to this Court, we review the agency's findings and decisions, and not those of the district court. *Wheeling v. Director, North Dakota Dep't of Transp.,* 1997 ND 193, ¶ 5, 569 N.W.2d 273. We also examine the record compiled before the agency. *Baer v. Director, North Dakota Dep't of Transp.,* 1997 ND 222, ¶ 7, 571 N.W.2d 829. We give great deference to administrative agency rulings, and we must affirm the agency's decision if:

> (1) the findings of fact are supported by a preponderance of the evidence; (2) the conclusions of law are sustained by the findings of fact; (3) the decision is supported by the conclusions of law; and (4) the decision is in accordance with the law.

*Id.* " 'We do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind could reasonably have determined the facts or conclusions were supported by the weight of the evidence.' " *Wheeling,* 1997 ND 193, ¶ 5, 569 N.W.2d 273. The ultimate conclusion, however, of whether

the facts rise to the level of probable cause is a question of law, which is fully reviewable on appeal. *Id.*

### III

[¶ 6] The dispositive issue in this case is whether the agency's findings of fact support the conclusion that the police officer had probable cause to arrest Presteng for driving under the influence. Although two other issues were raised by the Department, these issues were conceded by Presteng at oral argument.[1]

[¶ 7] Probable cause is a question of law and exists "when the facts and circumstances that a police officer knows or that he has reasonably trustworthy information about warrant a person of reasonable caution to believe that an offense has been or is being committed." *Wilhelmi v. Director of Dept. of Transp.*, 498 N.W.2d 150, 156 (N.D. 1993). An officer need not have "knowledge or facts sufficient to establish guilt." *Baer*, 1997 ND 222, ¶ 11, 571 N.W.2d 829. We have provided two elements necessary for establishing probable cause to arrest a driver for driving under the influence: the law enforcement officer must (1) first observe some signs of physical or mental impairment, and (2) have reason to believe the driver's impairment is caused by alcohol. *Id.*

[¶ 8] In this case, the arresting officer was investigating a two-snowmobile accident involving Presteng. We have previously found probable cause to arrest for driving under the influence where there has been an accident coupled with other evidence of alcohol consumption. *See Wilhelmi*, 498 N.W.2d at 156; *Moser v. North Dakota State Highway Comm'r*, 369 N.W.2d 650, 653 (N.D. 1985) (additionally considering a lack of any suggestion of another cause of a vehicle rollover). The fact an accident occurred is at least suggestive of impairment even though there may be other factors which are rele-

vant to the actual cause of the accident. As we have clearly stated:

> While other causes of an accident are relevant to the ultimate weight of the evidence at trial, other possible causes do not negat[e] the reasonableness of a belief that alcohol probably contributed to an accident when there is reasonable evidence of alcohol consumption. The inquiry is whether the officer had reason to believe that unlawful activity probably occurred, not whether there is sufficient evidence for a criminal conviction.

*Wilhelmi*, 498 N.W.2d at 156.

[¶ 9] Here, in addition to the evidence of the snowmobile collision, the arresting officer did observe such reasonable evidence of alcohol consumption while interviewing Presteng at the hospital. The officer testified at the administrative hearing that during this hospital encounter, he detected a strong odor of an alcoholic beverage on Presteng's breath. Furthermore, in the Officer's Statement of Probable Cause contained in an exhibit received without objection during the hearing, the officer observed that, in addition to the alcohol odor, Presteng had bloodshot, glassy eyes.

[¶ 10] We have previously held these observations to be relevant factors in a probable cause to arrest determination. *See Baer*, 1997 ND 222, ¶ 12, 571 N.W.2d 829; *Chadwick v. Moore*, 551 N.W.2d 783, 786 (N.D. 1996). Based upon the evidence in the record and the hearing officer's findings of fact, we conclude the arresting officer's belief that alcohol contributed to the accident was reasonable. We, therefore, conclude probable cause existed to arrest Presteng for driving a vehicle under the influence of alcohol.

### IV

[¶ 11] The hearing officer's findings of fact are supported by a preponderance of evi-

---

1. Presteng conceded the implied consent law in N.D.C.C. ch. 39–20 is applicable to this case. In 1997, the Legislature amended N.D.C.C. § 39–01–01(38) to specifically exclude a snowmobile from the definition of a "motor vehicle" and also created N.D.C.C. ch. 39–24.1, providing implied consent and separate criminal penalties for oper-

ating a snowmobile under the influence of alcohol. These changes in the law became effective on August 1, 1997. Here, however, the snowmobile accident and arrest of Presteng occurred on January 9, 1997, before the new law went into effect.

dence, the conclusions of law are sustained by the findings of fact, and the decision is in accordance with the law. We thus reverse the district court judgment and reinstate the administrative suspension of Presteng's driving privileges.

[¶ 12] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.