2004 ND 151

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Lance Joseph BERGER, Defendant and Appellant.**

**No. 20030322.**

Supreme Court of North Dakota.

July 22, 2004.

Brian David Grosinger, Assistant State's Attorney, Mandan, N.D., for plaintiff and appellee.

Ralph A. Vinje, Vinje Law Firm, Bismarck, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Lance Berger appealed from an order deferring imposition of sentence upon a jury verdict finding him guilty of possession of drug paraphernalia. We affirm, concluding the officer had probable cause to arrest Berger and the subsequent search incident to arrest was valid.

I

[¶ 2] On the evening of November 30, 2002, Officer Vanderhoef of the Mandan Police Department was following a van driven by Lance Berger on Main Street in Mandan. Officer Vanderhoef noticed Berger was tailgating the vehicle in front of him, and Berger's van almost struck the vehicle as it turned off onto a side street. Officer Vanderhoef then noticed Berger's van weaving within its lane, and crossing over and straddling the yellow line dividing the traffic lane from the turning lane. At that point, Officer Vanderhoef activated his overhead lights and stopped Berger's vehicle.

[¶ 3] Berger greeted Officer Vanderhoef with profanity and became verbally abusive. Sergeant Flanagan of the Mandan Police Department arrived to assist, and Berger became more belligerent. Officer Vanderhoef testified Berger "became very, very aggressive with Sergeant Flanagan and myself, such that Lance and Sergeant Flanagan were chest-to-chest, and Lance was kind of bucking his chest against [Sergeant Flanagan's], and I had to ask Lance to calm down and separate him from the vehicle."

[¶ 4] Officer Vanderhoef also testified Berger could not stand still, he paced back and forth, he was very nervous, and his whole body was shaking. Officer Vanderhoef decided to administer field sobriety tests and Berger passed the one-legged stand test. On the horizontal gaze nystagmus ("HGN") test, Berger exhibited two "clues" of nystagmus.[1] Officer Vanderhoef

---

**1.** We explained the HGN test at length in *City of Fargo v. McLaughlin*, 512 N.W.2d 700, 703–08 (N.D.1994). The HGN test measures six signs of intoxication, or "clues," three in each eye. *Id.* at 704. According to the National Highway Traffic Safety Administration, a score of 4 or more clues is indicative of a blood alcohol content of greater than .10. *Id.* (quoting *State v. Witte*, 251 Kan. 313, 836 P.2d 1110, 1113 (1992)); *see also Compton v. State*, 120 S.W.3d 375, 377 (Tex.App.2003); 2 Donald H. Nichols & Flem K. Whited III, Drinking/Driving Litigation § 17.1 (2d ed.1998). The State does not rely upon the

testified that, during the HGN test, Berger "was shaking, just very, very hard shaking, his whole body, all the way down to his feet," and "I had to ask him on several occasions to try to remain as still as possible so that we could do the test."

[¶ 5] Officer Vanderhoef then performed a light reactivity test, which measures the eye's reaction to light. Officer Vanderhoef testified he noticed before the test that Berger's eyes were glossed over, watery, and fully dilated. When light was shined into Berger's eyes his pupils reacted "very, very slowly," "you couldn't even tell that they had reacted at all," and "[t]hey stayed virtually fully dilated."

[¶ 6] Officer Vanderhoef arrested Berger for driving under the influence of drugs. A subsequent search incident to arrest produced a digital scale, pen tube, tinfoil, spoon, and glass vial with methamphetamine residue.

[¶ 7] Berger was charged with possession of drug paraphernalia. Berger moved to suppress all evidence found during the traffic stop, arguing there was not probable cause for his arrest. The trial court denied the motion, concluding Berger's behavior, Berger's driving, the field tests, and the officer's training supported a determination of probable cause to believe Berger was driving under the influence of a controlled substance. A jury returned a verdict of guilty, and the trial court entered an order deferring imposition of sentence.

## II

■ [¶ 8] Berger's notice of appeal states that he appeals from the order deferring imposition of sentence. An order deferring imposition of sentence is not listed as an appealable order in N.D.C.C. § 29–28–06. Where no separate judgment

of conviction has been entered and the order deferring imposition of sentence complies with the requirements of N.D.R.Crim.P. 32(b) for criminal judgments, the order serves as the judgment of conviction and is appealable. *State v. Trosen,* 547 N.W.2d 735, 737 n. 1 (N.D.1996). The order in this case satisfies the requirements of N.D.R.Crim.P. 32(b) and no separate judgment of conviction was entered. Therefore, the order deferring imposition of sentence serves as the judgment and the appeal is properly before us.

## III

[¶ 9] The sole question presented on appeal is whether Officer Vanderhoef had probable cause to arrest Berger for driving under the influence.

[¶ 10] We have outlined our standard of review for the denial of a suppression motion:

"[W]e defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless, after resolving conflicting evidence in favor of affirmance, we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence. That standard of review recognizes the importance of the trial court's opportunity to observe the witnesses and assess their credibility, and we accord great deference to its decision in suppression matters. Questions of law are fully reviewable."

*State v. Bergstrom,* 2004 ND 48, ¶ 10, 676 N.W.2d 83 (quoting *State v. Matthews,* 2003 ND 108, ¶ 8, 665 N.W.2d 28).

---

HGN test to support its argument that there was probable cause to arrest Berger for driv-

ing under the influence.

[¶ 11] When determining whether an officer had probable cause to arrest, we review the facts and circumstances known by the officer and apply a totality-of-the-circumstances standard:

> The term "reasonable grounds" is synonymous with the term "probable cause." *See Henderson v. Director, North Dakota Dep't of Transp.*, 2002 ND 44, ¶ 8, 640 N.W.2d 714. "Probable cause to arrest exists when the facts and circumstances within police officers' knowledge and of which they have reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed." *Id.* (quoting *Fargo v. Egeberg*, 2000 ND 159, ¶ 8, 615 N.W.2d 542). When making a probable cause determination, we consider the totality of the circumstances. Whether probable cause exists is a question of law, fully reviewable on appeal.

*Sonsthagen v. Sprynczynatyk*, 2003 ND 90, ¶ 17, 663 N.W.2d 161 (citations omitted). To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred. *State v. Waltz*, 2003 ND 197, ¶ 10, 672 N.W.2d 457; *Obrigewitch v. Director, N.D. Dep't of Transp.*, 2002 ND 177, ¶ 10, 653 N.W.2d 73. Even though conduct may have an innocent explanation, "probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers." *Waltz*, at ¶ 13, 672 N.W.2d 457 (quoting *State v. Ringquist*, 433 N.W.2d 207, 215 (N.D. 1988)).

[¶ 12] In determining what is necessary to establish probable cause to arrest a driver for driving while under the influence of drugs, we are guided by cases evaluating what is necessary to arrest a driver for driving while under the influence of alcohol. *Waltz*, 2003 ND 197, ¶ 11, 672 N.W.2d 457; *Sonsthagen*, 2003 ND 90, ¶ 19, 663 N.W.2d 161. In *Sonsthagen*, we discussed at length the appropriate standard for evaluating probable cause to arrest for driving under the influence of drugs, and applied a two-part test:

> When looking at N.D.C.C. § 39–08–01, the specific language of subsection (1)(c) suggests application of a similar two-part test to arrest for driving while under the influence of drugs. First, the statute requires the driver be incapable of safely driving; second, it requires the person be under the influence of drugs. We, therefore, conclude that for the officer in this case to have probable cause to arrest Sonsthagen for driving under the influence of drugs, the officer must: 1) observe some signs of physical or mental impairment; and 2) have reason to believe Sonsthagen's impairment is caused by drugs.

*Sonsthagen*, at ¶ 20, 663 N.W.2d 161. We also noted the showing required to establish that a driver was sufficiently "under the influence" of alcohol or drugs to satisfy the "impairment" prong of the two part test:

> "The expression 'under the influence of intoxicating liquor' simply means having drunk enough to disturb the action of the physical or mental faculties so that they are no longer in their natural or normal condition; that therefore, when a person is so affected by intoxicating liquor as not to possess that clearness of intellect and control of himself that he would otherwise have, he is 'under the influence of intoxicating liquor' and this is the common and well-known understanding of the expression."

*Sonsthagen*, at ¶ 19, 663 N.W.2d 161 (quoting *State v. Salhus*, 220 N.W.2d 852, 856 (N.D.1974)).

[¶ 13] There are several facts in the record which demonstrate that Berger's physical and mental faculties were "no longer in their natural or normal condition" and that Berger did not "possess that clearness of intellect and control of himself that he would otherwise have." *Id.*

[¶ 14] Officer Vanderhoef testified that when he first noticed Berger's van it was "tailgating pretty hard the vehicle in front of it," and when the vehicle turned off onto a side street the van "was right on top of him" and "it looked like he was going to hit him as the car turned." Berger's van was weaving in his lane and was crossing over and straddling the yellow line separating the driving lane from the turning lane. Erratic driving, including veering, weaving, crossing the line of the driving lane, and nearly striking another vehicle, is a factor indicative of impairment which may be relevant in determining whether probable cause exists to arrest for driving under the influence of alcohol or drugs. *See Sonsthagen,* 2003 ND 90, ¶ 21, 663 N.W.2d 161; *Baer v. Director, N.D. Dep't of Transp.,* 1997 ND 222, ¶ 13, 571 N.W.2d 829; *Chadwick v. Moore,* 551 N.W.2d 783, 785–86 (N.D.1996); *Moran v. North Dakota Dep't of Transp.,* 543 N.W.2d 767, 770 (N.D.1996).

[¶ 15] Officer Vanderhoef further testified Berger was belligerent, physically aggressive, and repeatedly used profanity toward the officers. Berger was "bucking his chest" against Sergeant Flanagan, and Officer Vanderhoef had to move Berger away and ask him to calm down. Belligerent, aggressive, and abusive conduct, and use of profanity, are relevant factors indicative of impairment. *See State v. Stewart,* 2002 ND 102, ¶¶ 17–22, 646 N.W.2d 712; *Chadwick,* 551 N.W.2d at 786–87.

[¶ 16] Throughout the traffic stop Berger was shaking, was pacing back and forth, and could not keep still, even when Officer Vanderhoef attempted to perform field sobriety tests. Officer Vanderhoef testified Berger's whole body, down to his feet, was shaking "very, very hard," and Berger was "very nervous." Unusual nervousness and severe shaking indicate the person's physical faculties are not in their normal state and the person does not have normal control of himself, *see Sonsthagen,* 2003 ND 90, ¶ 19, 663 N.W.2d 161, and are relevant factors in assessing probable cause to arrest. *See State v. Fields,* 2003 ND 81, ¶ 19, 662 N.W.2d 242; *State v. Arntz,* 286 N.W.2d 478, 480 (N.D.1979).

[¶ 17] Officer Vanderhoef also testified Berger's eyes "were very glossed over, appeared quite watery, and his pupils were fully dilated." Glossy or watery eyes are indicative of impairment, and may be a relevant factor in determining probable cause to arrest for driving under the influence of drugs. *See Sonsthagen,* 2003 ND 90, ¶ 24, 663 N.W.2d 161; *Baer,* 1997 ND 222, ¶ 13, 571 N.W.2d 829.

[¶ 18] Officer Vanderhoef also performed field sobriety tests on Berger, and Berger failed the light reactivity test. Officer Vanderhoef testified he had received training on the light reactivity test at the Law Enforcement Training Center in Devils Lake. He explained the light reactivity test:

Light reactivity test is another tool that we use in determining whether or not to establish probable cause to make arrests for driving under the influence of alcohol and/or drugs. Typically, if somebody is not impaired, their pupils are going to react equally to light such that if I took a flashlight on my own eyes, my pupils would be somewhat larger dilation without the lights directly in my eyes. They would become more pinpoint as the light was focused in the eye. That would be a normal reactivity.

Officer Vanderhoef testified he was taught during his training that an eye reacting slowly to light can be a sign of use of controlled substances. Officer Vanderhoef testified that Berger's pupils "reacted very, very slowly, almost to the point where you couldn't even tell that they had reacted at all," and "[t]hey stayed virtually fully dilated." Failing a field sobriety test is a relevant factor in determining whether the officer had probable cause to arrest for driving under the influence of drugs or alcohol. *Waltz*, 2003 ND 197, ¶ 14, 672 N.W.2d 457; *Sonsthagen*, 2003 ND 90, ¶ 22, 663 N.W.2d 161; *Kahl v. Director, N.D. Dep't of Transp.*, 1997 ND 147, ¶ 17, 567 N.W.2d 197; *McNamara v. Director of N.D. Dep't of Transp.*, 500 N.W.2d 585, 588 (N.D.1993).

[¶ 19] Office Vanderhoef did not notice an odor of alcohol emanating from Berger. When a driver exhibits a significant level of impairment and alcohol usage has been tentatively eliminated as the cause of the impairment, it is reasonable to conclude the driver is under the influence of drugs or another substance. *Waltz*, 2003 ND 197, ¶ 15, 672 N.W.2d 457.

[¶ 20] We conclude these facts and circumstances, considered in totality in light of the officer's training and experience, created probable cause to believe Berger was driving under the influence of drugs. Although each factor individually might be insufficient to establish probable cause, their cumulative effect is sufficient. *See Baer*, 1997 ND 222, ¶ 13, 571 N.W.2d 829; *Moran*, 543 N.W.2d at 770. Officer Vanderhoef observed signs of physical or mental impairment, and had reason to believe Berger's impairment was caused by drugs. *See Sonsthagen*, 2003 ND 90, ¶ 20, 663 N.W.2d 161. Accordingly, we conclude the trial court did not err in determining there was probable cause for the arrest and in denying the motion to suppress evidence

discovered during the search incident to arrest.

[¶ 21] The order deferring imposition of sentence is affirmed.

[¶ 22] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.