CITY OF MINOT, North Dakota, Plaintiff and Appellee,

v.

Michael W. NELSON, Defendant and Appellant.

Cr. No. 900150.

Supreme Court of North Dakota.

Nov. 13, 1990.

order denying a motion to dismiss a complaint of driving while under the influence of intoxicating liquor with a blood alcohol content in excess of .10% and to suppress a blood alcohol test, arguing that the officer did not have an articulable basis upon which to stop his vehicle. We reverse.

At approximately 2:30 a.m. on December 1, 1988, a radio dispatch directed Sergeant Alan Hanson to go to the Robinson Trailer Court. The dispatcher relayed a call from an unidentified person who indicated that there was a car running in front of a trailer and that the person was suspicious because the car didn't belong there. A second call was received and the license number of the vehicle was given to the dispatcher.[1] No other information was given to the dispatcher. When Sergeant Hanson arrived, the vehicle was no longer parked in front of the trailer. Sergeant Hanson observed the vehicle being driven on both 27th Street SW and then back in the trailer court going past the trailer again.

The only evidence presented was the transcript from the administrative hearing on Nelson's license suspension. At that hearing Sergeant Hanson testified that he stopped the vehicle to find out who the driver was and why he was in front of that trailer. Sergeant Hanson arrested Nelson for driving while under the influence of intoxicating liquor with a blood alcohol content in excess of .10% and for open container in a motor vehicle. Nelson moved to dismiss and to suppress the blood alcohol test result on the grounds that the officer did not have an articulable basis to stop him.

The trial court ruled that the telephone calls made to the Minot Police Department gave the officer sufficient impetus to stop the vehicle and denied the motion to suppress and dismiss. Nelson appealed contending that the trial court erred in denying his motion.

█ We have held that for a legal investigative stop of a vehicle, an officer must have an articulable and reasonable suspicion that a law has been or is being

Mark Ashley Flagstad (argued), Asst. States Atty., Minot, for plaintiff and appellee.

Schoppert Law Firm, Minot, (argued), for defendant and appellant; Thomas K. Schoppert.

GIERKE, Justice.

After a conviction on a conditional plea of guilty pursuant to N.D.R.Crim.P. 11(a)(2), Michael Nelson appeals from an

1. There is nothing in the record to indicate that both calls were made by the same person.

**462**

violated. *State v. Lykken,* 406 N.W.2d 664, 666 (N.D.1987). An investigatory stop, such as occurred here, "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621 (1981). The factual basis for the stop need not be the officer's personal observations alone, but may arise from information furnished by other persons. *State v. Lykken, supra.* Even an anonymous informant may supply sufficient information for a reasonable suspicion justifying a stop. *State v. Boushee,* 284 N.W.2d 423, 430 (N.D.1979).

In *Wibben v. N.D. State Highway Commissioner,* 413 N.W.2d 329, 331 (N.D. 1987) this court cautioned that "[i]nformation supplied by an anonymous informant cannot alone establish probable cause for a warrant if the tip provides virtually nothing from which one might conclude that the informant is honest or that his information is reliable, or if the information 'gives absolutely no indication of the basis'" for identifying the criminal activities. [Quoting *State v. Thompson,* 369 N.W.2d 363, 367 (N.D.1985)] (citing *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Information from an anonymous informant used for an investigative stop must be sufficiently reliable to support a reasonable suspicion of unlawful conduct, though not the more exacting standard of probable cause necessary to make an arrest. *Wibben v. N.D. State Highway Commissioner, supra.*

In the record before us there is a complete lack of even the most minimal indicia of reliability of either the informant or of the information for the anonymous tip and the information received from the anonymous informant gives absolutely no indication of the basis for identifying possible criminal activity. It would have been relatively easy for the dispatcher to solicit some minimal articulable facts from the anonymous informant to support the bare assertion that the vehicle was suspicious. *See, Olson v. Commissioner of Public Safety,* 371 N.W.2d 552 (Minn.1985). This case differs from *Wibben* in that Sergeant Hanson was unable to personally verify the details of the tip by his own observations. By the time he arrived at the trailer park the vehicle was no longer parked in front of the trailer. The vehicle was being driven. There is nothing in the record that justifies a suspicion that Nelson was, or was about to be, engaged in criminal activity. We conclude that Sergeant Hanson did not have an articulable and reasonable suspicion for stopping Nelson's vehicle for investigation.

Reversed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.