**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Lane A. HORNADAY, Defendant and Appellant.**

**Cr. No. 910101.**

Supreme Court of North Dakota.

Nov. 15, 1991.

Mark A. Flagstad, Asst. State's Atty., Minot, for plaintiff and appellee.

Richard L. Hagar, of Kenner Law Firm, PC, Minot, for defendant and appellant.

VANDE WALLE, Justice.

Lane Hornaday appealed from a judgment of conviction of actual physical control of a vehicle while under the influence of intoxicating liquor or with a blood alcohol content in excess of .10 percent. We affirm.

In the early morning hours of June 3, 1989, Officer Stenson of the Minot Police Department observed a vehicle in the parking lot of the Town & Country shopping center in Minot. The three individuals in the vehicle appeared to be drinking something. Officer Stenson radioed the vehicle description and license number to Officer Long of the Minot Police Department, and requested that she investigate further.

When Officer Long arrived at the parking lot, she also noticed the occupants of the vehicle drinking something. As she got nearer to the vehicle, she noticed the two passengers bend down, as if to place something under the seat of the vehicle. Officer Long stopped her patrol car behind and to the side of Hornaday's vehicle, and turned on the patrol car's flashing lights.

Upon approaching the vehicle, Officer Long noticed a strong odor of alcohol. She ultimately arrested Hornaday for being in actual physical control of the vehicle while under the influence of intoxicating liquor or with a blood alcohol content in excess of .10 percent.[1]

Hornaday moved to suppress the results of the blood alcohol test and dismiss the complaint, alleging that Officer Long lacked an articulable and reasonable suspicion to conduct an investigatory stop. The trial court denied the motion. Hornaday entered a conditional plea of guilty pursuant to Rule 11(a)(2), N.D.R.Crim.P., and filed this appeal.

The sole issue raised on appeal is whether Officer Long had an articulable and reasonable suspicion of unlawful activity sufficient to justify the investigatory stop.[2]

To justify an investigatory stop of a vehicle, an officer must have an articulable and reasonable suspicion that a law has been or is being violated. *City of Minot v. Nelson*, 462 N.W.2d 460 (N.D.1990); *Geiger v. Backes*, 444 N.W.2d 692 (N.D.1989). We employ an objective standard in determining the validity of the stop, taking into account inferences and deductions that an investigating officer would make that may elude laypersons. *Geiger v. Backes, supra.* The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect potential criminal activity. *State v. Neis*, 469 N.W.2d 568 (N.D.1991); *State v. Smith*, 452 N.W.2d 86 (N.D.1990). The factual basis for stopping the vehicle need not arise solely from the officer's personal observations, but may arise from information furnished by other persons. *City of Minot v. Nelson, supra; State v. Rodriguez*, 454 N.W.2d 726 (N.D.1990).

Numerous factors in this case combined to form the basis for an articulable and reasonable suspicion that the law was being violated. It was approximately 12:30 a.m. when Officer Long was informed by another officer that three persons in a vehicle parked in a shopping center parking lot were drinking something. When Officer Long approached, she confirmed the presence of the vehicle through its identification and license number, and also confirmed that the occupants were indeed consuming some form of beverage. When she got closer, the individuals bent down, as if placing something under the seat of the vehicle. Officer Long testified that there was a liquor store located nearby in the shopping center, and that the shopping center parking lot was a gathering spot for minors. She further testified that there were problems with minors drinking alcohol in the parking lot, and numerous alcohol-related arrests had taken place there.

---

1. Hornaday has not asserted that Officer Long lacked probable cause to make the arrest.

2. The State concedes that Officer Long's conduct in parking her patrol car with flashers on near the rear of Hornaday's vehicle constituted a "stop."

She also noted that officers would often make "sweeps" through the parking lot to disperse the groups that gathered there.

We stated in *Geiger v. Backes, supra*, 444 N.W.2d at 693, that law enforcement officers are not required "to point to a single factor which, standing alone, signals a potential violation of the law", but rather "are to assess the situation as it unfolds and, based upon inferences and deductions drawn from their experience and training, make the determination whether all of the circumstances viewed together create a reasonable suspicion of potential criminal activity." The circumstances presented here, viewed as a whole, gave rise to an articulable and reasonable suspicion of a potential violation of the law.

We conclude that the investigatory stop was not unlawful. The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.