**STATE of North Dakota, Plaintiff and Appellee,**

v.

**William James STEINMETZ, Defendant and Appellant.**

**Criminal No. 950362.**

Supreme Court of North Dakota.

July 18, 1996.

Donavin L. Grenz, Linton, for appellant.

Gerald A. Kuhn, State's Attorney, Napoleon, for appellee.

MARING, Justice.

William J. Steinmetz appeals from an order denying his motion to suppress evidence and from a judgment of conviction entered on a jury verdict finding him guilty of driving under the influence of intoxicating liquor. We affirm.

On the evening of May 20, 1995, Steinmetz backed his vehicle from a parking spot and started down the main street of Fredonia, North Dakota. Logan County Deputy Sheriff Scott Buckhouse saw Steinmetz stop on the main street and partially exit his vehicle to reach and remove a piece of paper under the windshield wiper. Deputy Buckhouse approached Steinmetz's stopped vehicle, conversed with Steinmetz, smelled an odor of alcohol on his breath, and asked him if he had been drinking. Steinmetz admitted he had. At Deputy Buckhouse's request, Steinmetz performed a series of field sobriety tests. Based on the results of the tests, Deputy Buckhouse arrested Steinmetz for driving under the influence. After consulting with Logan County Sheriff Steve Engelhardt, Deputy Buckhouse transported Steinmetz to Wishek, North Dakota, where a registered nurse drew a sample of Steinmetz's blood. The state toxicologist's office reported Steinmetz's blood sample contained 0.12 percent alcohol by weight.

Steinmetz was ultimately charged with violating section 39–08–01(1)(a), N.D.C.C., the

per se driving under the influence offense, and with violating section 39–08–01(1)(b), N.D.C.C., driving under the influence of intoxicating liquor. Steinmetz made a pretrial motion to suppress all evidence obtained by the State, alleging that Deputy Buckhouse did not have a reasonable and articulable suspicion to stop him. The trial court denied the motion. At trial, a jury found Steinmetz guilty of driving under the influence of intoxicating liquor.

Steinmetz argues the trial court erred in denying his suppression motion. Steinmetz insists his Fourth Amendment right to protection from unreasonable searches and seizures was violated when Deputy Buckhouse stopped him. Steinmetz claims Deputy Buckhouse did not have sufficient information to support a reasonable and articulable suspicion that Steinmetz was under the influence of alcohol.

■ We will not reverse a trial court's findings of fact in preliminary proceedings of a criminal case if, after resolving the conflicts in the testimony in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not against the manifest weight of the evidence. *City of Fargo v. Thompson,* 520 N.W.2d 578, 581 (N.D.1994); *State v. Miller,* 510 N.W.2d 638, 640 (N.D. 1994). This standard of review recognizes the trial court's superior opportunity to weigh the credibility of witnesses and testimony. *City of Grafton v. Swanson,* 497 N.W.2d 421, 422 (N.D.1993). The question of whether the facts found by the trial court meet a legal standard, such as a reasonable and articulable suspicion, is a question of law which is fully reviewable. *City of Grand Forks v. Egley,* 542 N.W.2d 104, 106 (N.D. 1996); *see Ornelas v. United States,* —— U.S. ——, ——, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911 (1996).

■ We have recognized that it is not a Fourth Amendment seizure for a law enforcement officer to approach and talk with a person in a public place, including a stopped vehicle. *State v. Franklin,* 524 N.W.2d 603, 605 (N.D.1994). Before a law enforcement officer stops a citizen for investigation, however, the officer "must have a reasonable and articulable suspicion that a law has been, or is being, violated." *State v. Hawley,* 540 N.W.2d 390, 392 (N.D.1995). We use an objective standard in deciding whether an investigative stop is valid. *State v. Ova,* 539 N.W.2d 857, 859 (N.D.1995). "The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect potential criminal activity." *State v. Hornaday,* 477 N.W.2d 245, 246 (N.D.1991). However, "if an officer learns something during a public encounter with a person that causes a reasonable suspicion or probable cause, the encounter can justify further investigation, seizure, and even arrest." *Franklin,* 524 N.W.2d at 605.

In its order denying Steinmetz's suppression motion, the trial court found:

"The law enforcement officer approaching the defendant's vehicle in the course of the defendant's activities, did not violate the defendant's Fourth Amendment protection against warrantless and unreasonable searches, nor did the law enforcement officer restrain the defendant from leaving the scene if he had so elected. The defendant elected to remain and to engage in conversation with the law enforcement officer, thereby voluntarily disclosing through the odor of alcohol, a reasonable basis for the officer to cause the defendant to submit to field sobriety testing."

■ Our review of the record shows that sufficient evidence supports the trial court's decision to deny Steinmetz's suppression motion. The record shows that Steinmetz stopped his vehicle in a traffic lane, that Deputy Buckhouse approached Steinmetz, that while conversing with Steinmetz, Deputy Buckhouse smelled alcohol on Steinmetz's breath, and that Steinmetz admitted to Deputy Buckhouse that he had been drinking. Based on this evidence, a reasonable person would have had reason to suspect Steinmetz of driving under the influence of alcohol. We conclude Deputy Buckhouse stopped Steinmetz when he asked Steinmetz to perform field sobriety tests. We further conclude that this stop was appropriate because Deputy Buckhouse had reasonable and articulable suspicion to stop Steinmetz for investigation after he talked to Steinmetz, smelled an odor

of alcohol on Steinmetz's breath, and Steinmetz admitted drinking. We, therefore, affirm the trial court's denial of Steinmetz's motion to suppress.

■ Steinmetz next argues the trial court erred in refusing a requested jury instruction. He claims the trial court should have instructed the jury that it could not find Steinmetz guilty of violating section 39–08–01(1)(a), N.D.C.C., the per se driving under the influence offense, if it found that Steinmetz's blood test was not administered within two hours after Steinmetz last drove.

The State charged Steinmetz with driving under the influence in violation of section 39–08–01, N.D.C.C. Under this section, a person may not drive a vehicle if "[t]hat person has an alcohol concentration of at least ten one-hundreths of one percent by weight at the time of the performance of a chemical test within two hours after the driving ... of a vehicle." N.D.C.C. § 39–08–01(1)(a). A person may also not drive a vehicle "under the influence of intoxicating liquor." N.D.C.C. § 39–08–01(1)(b). At trial, the State attempted to prove that Steinmetz drove in violation of sections 39–08–01(1)(a) and (b).

■ We have held that "[i]f a chemical test is not performed within two hours of driving, a driver cannot be convicted of violating § 39–08–01(1)(a), N.D.C.C." *City of Grand Forks v. Soli,* 479 N.W.2d 872, 874 (N.D.1992); *State v. Kimball,* 361 N.W.2d 601, 603 (N.D.1985). At trial, Steinmetz attempted to show the chemical test was not completed within two hours of driving. Relying on our holding in *Kimball,* Steinmetz requested that the following instruction be given to the jury:

"RESTRICTION ON CONSIDERATION
OF BLOOD TEST

Evidence of a blood test to determine blood-alcohol concentration, may not be used or considered as evidence to convict for a violation of driving with a prohibited blood-alcohol concentration in violation of subdivision 1(a) of section 39–08–01 NDCC, if the blood test was not performed within two hours after driving."

The trial court did not give Steinmetz's requested instruction, but it gave several instructions on driving under the influence law. It gave a general driving under the influence instruction derived from N.D.J.I. 2940. It gave an instruction, derived from N.D.J.I. 2941, defining the phrase "under the influence of intoxicating liquor." It gave an instruction, derived from N.D.J.I. 2944, on the essential elements of the driving under the influence offense. It also gave a chemical test instruction derived from N.D.J.I. 2942.

The essential elements instruction given by the court stated, in part:

"The State satisfies its burden of proof only if the evidence shows beyond a reasonable doubt ... [t]he defendant had a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after driving."

The chemical test instruction given by the court stated, in part: "The accuracy and reliability of the [chemical] test is a question of fact which is left solely for your determination." The jury, in its verdict, found that Steinmetz drove "under the influence of intoxicating liquor" and drove "at a time when he had a blood alcohol concentration of a least .10 by weight as measured by a chemical test performed within two hours after driving."

■ "We review jury instructions as a whole and consider whether they correctly and adequately advised the jury of the law." *State v. His Chase,* 531 N.W.2d 271, 274 (N.D.1995). A criminal defendant is entitled to a jury instruction on a legal defense if there is evidence to support the defense. *State v. McIntyre,* 488 N.W.2d 612, 614 (N.D. 1992). However, "[a] requested charge need not be given if it is fully covered in the general charge." *State v. Marcovitz,* 63 N.D. 458, 248 N.W. 481, 487 (1933). If the trial court refuses to submit a requested instruction that is a correct statement of the law, there is no error unless the jury instructions, considered in their entirety, do not correctly advise the jury of the applicable law. *State v. Mertz,* 514 N.W.2d 662, 668 (N.D.1994); *see City of Bismarck v. Holden,* 522 N.W.2d 471, 475–76 (N.D.1994).

Upon reviewing the jury instructions in their entirety, we conclude the trial court did

not err in declining to give the instruction Steinmetz requested because the jury instructions as a whole correctly advised the jury of our driving under the influence law. The instructions and the jury verdict form made it clear that a defendant must take a chemical test within two hours of driving before that defendant can be convicted of driving with a blood alcohol content of at least .10 by weight. The instructions also made it clear that the jury was not required to rely on the chemical test results merely because they were admitted into evidence. After being instructed, the jury found Steinmetz guilty of both driving under the influence and driving with a blood alcohol content of at least .10 by weight.

▆▆ Granted, no single instruction given by the trial court explained that a chemical test cannot be used as evidence to convict the defendant of driving with a blood alcohol content of at least .10 if it was given more than two hours after the defendant last drove. Steinmetz's requested instruction, however, was inadequate to instruct on this point of law because it referred to a code section number rather than explaining the law. The trial court has the initial responsibility to instruct the jury on the law. *See* Rule 30, N.D.R.Crim.P. But, as we explained in *State v. Allery*, 322 N.W.2d 228, 232 n. 3 (N.D.1982), "the attorneys have the professional responsibility to request or object to specific instructions." It is not the responsibility of the trial court to rewrite instructions requested by either party at a criminal trial. *See id.*

The general instructions given by the trial court were adequate to explain our driving under the influence law. Furthermore, the instruction submitted by Steinmetz did not adequately explain the point of law to which it referred. We conclude, therefore, that the trial court did not err when it declined to give Steinmetz's requested instruction.

We affirm.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.