1999 ND 243

Gerald L. SEELA, Petitioner and Appellee,

v.

Marshall W. MOORE, Director, North Dakota Department of Transportation, Respondent and Appellant.

No. 990268.

Supreme Court of North Dakota.

Dec. 22, 1999.

William A. Herauf, Reichert & Herauf, P.C., Dickinson, N.D., for petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Bismarck, N.D., for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] The Director of the North Dakota Department of Transportation appealed from a district court judgment reversing the administrative suspension of Gerald L. Seela's drivers license for driving while under the influence of alcohol. We conclude the arresting officer had probable cause to arrest Seela. We, therefore, reverse the judgment and remand for reinstatement of the administrative license suspension.

[¶ 2] Officers Wade Kadrmas and Jason Dellwo were on duty in their patrol car on January 30, 1999 when they observed Seela driving a Chevrolet Blazer in Dickinson about 1:18 a.m. Kadrmas knew Seela's driving privileges were under suspension, so he drove his patrol car next to the Blazer to confirm that Seela was the driver. Kadrmas then pulled behind the Blazer and activated the patrol car's top lights, signaling the driver to stop. Seela did not pull over until he had driven about five blocks. When Kadrmas exited the patrol car and approached the Blazer, Seela rolled down his window. Kadrmas immediately smelled an odor of alcohol coming from inside the Blazer and saw that Seela's eyes were bloodshot and watery. Seela stepped out of the Blazer and Kadrmas smelled a strong odor of alcohol emanating from Seela. While Officer Dellwo adminis-

tered field sobriety tests, Kadrmas saw Seela swaying from side to side and from front to back. After administering the field sobriety tests, Dellwo instructed Kadrmas to arrest Seela. Kadrmas made the arrest, and Seela agreed to a blood alcohol test, the results of which showed Seela had a blood alcohol content of .25 percent by weight, which is above the legal limit of .10.

[¶ 3] The Department notified Seela of its intent to suspend his license, and Seela requested an administrative hearing. A hearing officer found Kadrmas had probable cause to arrest Seela for driving a vehicle while under the influence of intoxicating liquor. The hearing officer concluded the results of the blood test showed Seela had been driving with a blood alcohol concentration above the legal limit, and she suspended Seela's driving privileges for two years. Seela appealed to the district court. In a cursory memorandum opinion, the district court concluded Seela was not afforded a fair hearing, because the Department did not call Dellwo, who had "share[d] the task of gathering probable cause for arrest." The court reversed the administrative license suspension.

[¶ 4] On appeal, the Department argues Kadrmas had probable cause, based solely upon his own observations, to arrest Seela for driving while under the influence of alcohol. The Department asserts its failure to call Dellwo to testify did not deny Seela a fair hearing, because Dellwo's actions and observations were not relied upon by the hearing officer and were not necessary to support Kadrmas's probable cause determination.

[¶ 5] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs appeals from an administrative hearing officer's suspension of a drivers license under N.D.C.C. § 39–20–04.1. On appeal from the district court we review the record of the administrative agency. *Kahl v. Director, North Dakota Dep't of Transp.*, 1997 ND 147, ¶ 9, 567 N.W.2d 197. The

decision of the agency must be affirmed on appeal if: 1) the findings of fact are supported by a preponderance of the evidence; 2) the conclusions of law are sustained by the findings of fact; 3) the decision is supported by the conclusions of law; and 4) the decision is in accordance with the law. *Id.* at ¶ 10. We accord great deference to administrative agency rulings, and we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind could have reasonably concluded the facts or conclusions were supported by the weight of the evidence. *Baer v. Director, North Dakota Dep't of Transp.*, 1997 ND 222, ¶ 7, 571 N.W.2d 829.

[¶ 6] The dispositive issue on this appeal is whether the Department's findings of fact support the conclusion that Kadrmas had probable cause to arrest Seela. Probable cause to arrest exists when the facts and the circumstances within a police officer's knowledge and of which he had reasonable trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed. *Moran v. North Dakota Dep't of Transp.*, 543 N.W.2d 767, 770 (N.D.1996). To establish probable cause to arrest a driver for driving while under the influence of alcohol, a law enforcement officer must: 1) first observe some signs of physical or mental impairment, and 2) have reason to believe the driver's impairment is caused by alcohol. *Presteng v. Director, North Dakota Dep't of Transp.*, 1998 ND 114, ¶ 7, 579 N.W.2d 212. Probable cause is a question of law, fully reviewable on appeal. *Kahl,* 1997 ND 147, ¶ 16, 567 N.W.2d 197.

[¶ 7] When asked at the hearing why he arrested Seela, Kadrmas candidly testified his arrest was under the instruction of Dellwo "[b]ecause of what Officer Dellwo found through the tests that he administered." Seela argues that because Kadrmas did not testify he subjectively believed he had probable cause to arrest Seela based upon his own observations, a conclu-

sion there was probable cause to arrest must be based, at least partly, upon Dellwo's observations. Seela claims, therefore, Dellwo's failure to testify denied him a fair hearing. We disagree that Kadrmas's probable cause to arrest Seela must rest upon Dellwo's actions or observations.

[¶ 8] Whether an arresting officer has violated a person's Fourth Amendment rights turns on an objective assessment of the officer's actions, in light of the facts and circumstances confronting the officer at the time, and not on the officer's actual state of mind or subjective beliefs. *See State v. Hawley,* 540 N.W.2d 390, 392 (N.D.1995). If an officer makes an arrest which is supported by objective evidence of probable cause to arrest, the validity of the arrest is not vitiated by the officer's subjective intent or erroneous belief. *See Zimmerman v. North Dakota Dep't of Transp. Dir.,* 543 N.W.2d 479, 482 (N.D. 1996).

[¶ 9] We conclude the facts and circumstances within Kadrmas's knowledge and of which he had reasonable trustworthy information were sufficient to warrant a person of reasonable caution to conclude Seela had committed the offense of driving while under the influence of alcohol. Kadrmas personally smelled the strong odor of alcohol about Seela and saw his bloodshot and watery eyes. These are relevant factors for making a probable cause determination a person has been driving under the influence of alcohol. *Baer,* 1997 ND 222, ¶ 12, 571 N.W.2d 829. Kadrmas made additional observations which, considered together with the foregoing factors, gave probable cause to believe Seela had been driving under the influence. When Kadrmas activated the patrol car lights, Seela drove the Blazer a considerable distance of four or five blocks before responding and stopping his vehicle. Kadrmas testified persons ordinarily stop promptly when they are signaled to stop by flashing patrol car lights. Seela's slowness to react provides evidence Seela's driving and response time may have been alcohol impaired. Kadrmas also saw Seela

sway from side to side and from front to back when Seela was talking with Dellwo. We have previously observed:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

. . . .

"These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection.... The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice."

*State v. Chaussee,* 138 N.W.2d 788, 792 (N.D.1965) quoting *Brinegar v. United States,* 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

[¶ 10] Although more sophisticated screening or field sobriety tests, which Kadrmas was not certified to administer, were given by Dellwo, the results of those tests are not necessary to establish probable cause to arrest for driving while under the influence. Tests such as the horizontal gaze nystagmus test and other on-site screening tests, administered in this case, are fairly recent and helpful tools for an officer to determine probable cause to arrest for driving under the influence. *E.g., Asbridge v. North Dakota State Highway Com'r,* 291 N.W.2d 739 (N.D.1980) (concluding purpose of on-site screening test is to ensure sufficient probable cause exists to warrant arrest for driving under the influence of alcohol). Prior to the advent of such screening tests, arrests based on probable cause were being made. *E.g.,*

*State v. Salhus,* 220 N.W.2d 852 (N.D. 1974) (holding defendant's failure to stop when officer was following him with red light blinking, staggering when leaving the vehicle, steadying himself by putting hands on vehicle, and difficulty finding drivers license were sufficient facts taken together to constitute probable cause).

[¶ 11] We conclude Kadrmas's observations and knowledge under the circumstances, including the strong odor of alcohol emanating from Seela's person, observation of Seela's watery and bloodshot eyes, observance of Seela swaying while standing outside his vehicle, and the length of time it took Seela to stop his vehicle, gave Kadrmas probable cause to arrest Seela for driving while under the influence of alcohol. Kadrmas had probable cause to arrest Seela without relying upon Dellwo's actions or observations. Therefore, the Department's failure to call Dellwo to testify at the hearing did not deny Seela a fair hearing. We make no determination in this case whether Dellwo's failure to testify would have denied Seela a fair hearing if probable cause to arrest was dependent, in whole or in part, upon Dellwo's actions or observations. We need not consider questions, the answers to which are not necessary to the determination of an appeal. *State v. Evans,* 1999 ND 70, ¶ 17, 593 N.W.2d 336.

[¶ 12] We hold the Department's findings are supported by a preponderance of the evidence, its conclusions of law are sustained by the findings of fact, and the decision is in accordance with the law. We, therefore, reverse the district court judgment and remand for reinstatement of the administrative suspension of Seela's drivers license.

[¶ 13] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.