2000 ND 159

**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Duane Eddie EGEBERG, Defendant and Appellant.**

**No. 20000027.**

Supreme Court of North Dakota.

Aug. 18, 2000.

Rehearing Denied Sept. 18, 2000.

Timothy Michael O'Keeffe, City Prosecutor, Fargo, N.D., for plaintiff and appellee.

Zenas Baer, Zenas Baer & Associates, Hawley, MN, for defendant and appellant.

SANDSTROM, Justice.

[¶1] Duane Egeberg appeals from a judgment of conviction resulting from his conditional plea of guilty under N.D.R.Crim.P. 11(a)(2), to the charge of driving while under the influence of intoxicating liquor. We affirm, concluding the officer had probable cause to arrest Egeberg for driving under the influence and Egeberg's statements to the officer did not violate his privilege against self-incrimination.

I

[¶2] At about 9:00 p.m. on August 10, 1999, two women were walking on 4th Street in Fargo when a man "pulled down his shorts and exposed his buttocks" to them. One of the women testified she did not see the man's face, but she described him as "tall and slim, dark hair, he had on a pair of shorts and dark colored sweatshirt." She testified she believed the man deliberately exposed himself, and she provided law enforcement officers with the license number for the vehicle she saw the man get into and drive from the scene.

[¶3] A Fargo police officer took the report from the woman and ran a license check on the vehicle. The officer ascertained the registered owner of the vehicle was Egeberg. The officer testified she then proceeded to Egeberg's address to investigate a possible disorderly conduct. The officer, upon arriving at Egeberg's address, saw his parked vehicle and knocked on the door. An elderly lady answered and stated Egeberg was her son, and he came to the door. According to the officer, Egeberg generally matched the woman's description of the man, and the officer asked him to step outside the house to speak with her. Egeberg stepped out of the house and spoke with the officer about the incident. According to the officer, Egeberg confirmed he was the owner of the vehicle, and he had left a bar and restaurant and was attempting to tuck his shirt into his shorts when his shorts had fallen. The officer testified Egeberg told her that he then entered his vehicle and drove it home. The officer testified she detected a strong odor of alcohol on Egeberg during their conversation, and she then began investigating him for driving under the influence of intoxicating liquor. She testified Egeberg submitted to field sobriety tests. According to the officer, she arrested Egeberg for driving under the influence after he completed three field sobriety tests. The officer testified she informed Egeberg of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and he agreed to submit to a blood test. The officer testified that while transporting Egeberg

to a hospital for a blood test, he stated "he didn't feel very drunk," "he only had a few beers," and "he was almost sober now."

[¶ 4] The City of Fargo charged Egeberg with driving under the influence of intoxicating liquor. Egeberg moved to dismiss, claiming the officer lacked probable cause to investigate him for driving under the influence. Egeberg moved to suppress the results of the blood test, claiming an illegal search and seizure. Egeberg also moved to suppress statements he made to the officer, claiming a violation of his Fifth Amendment right against self-incrimination. The trial court denied Egeberg's motion, ruling the officer had probable cause to arrest Egeberg, there was no illegal search and seizure because the results of the blood test were obtained as the result of a valid arrest, and there was no *Miranda* violation because any statements made by Egeberg prior to his arrest were made during the course of an investigation when he was free to leave and any statements after his arrest were made after he was given the *Miranda* warning. Egeberg entered a conditional plea of guilty under N.D.R.Crim.P. 11(a)(2), and appealed.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Egeberg's appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 29–01–12 and 29–28–06.

## II

[¶ 6] We will not reverse a trial court's findings of fact in preliminary proceedings of a criminal case if, after resolving the conflicts and testimony in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not against the manifest weight of the evidence. *State v. Steinmetz*, 552 N.W.2d 358, 360 (N.D.1996). Our standard of review recognizes the trial court's superior opportunity to weigh the credibility of witnesses and testimony. *Id.* The question whether the facts found by the trial court meet a particular legal standard is a question of law which is fully reviewable. *Id.*

## III

[¶ 7] Egeberg argues the officer lacked probable cause to investigate him for driving under the influence. He argues the officer did not have probable cause to transform her investigation for disorderly conduct into an investigation for driving under the influence. He argues the results of the blood test must be suppressed because the officer did not have probable cause to arrest him.

[¶ 8] Probable cause to arrest exists when the facts and circumstances within police officers' knowledge and of which they have reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed. *See Seela v. Moore*, 1999 ND 243, ¶ 6, 603 N.W.2d 480; *Presteng v. Director, N.D. Dep't of Transp.*, 1998 ND 114, ¶ 7, 579 N.W.2d 212; *Torstenson v. Moore*, 1997 ND 159, ¶ 17, 567 N.W.2d 622. An officer need not know facts sufficient to establish guilt. *Presteng*, at ¶ 7. To establish probable cause to arrest a driver for driving under the influence of alcohol, a law enforcement officer must observe some signs of physical or mental impairment and have reason to believe the driver's impairment is caused by alcohol. *Seela*, at ¶ 6; *Presteng*, at ¶ 7. Whether certain facts constitute probable cause is a question of law, which is fully reviewable on appeal. *Seela*, at ¶ 6. *Presteng*, at ¶ 7.

[¶ 9] At the suppression hearing, the woman testified she was walking on 4th Street in Fargo when a man deliberately dropped his shorts and then got into a vehicle and drove away. Although she testified she did not see the man's face, she provided the officer with a general description of the man and the license plate number of the vehicle he drove away.

At that time, the officer clearly had reason to further investigate the woman's complaint. The officer determined Egeberg was the registered owner of the vehicle, and when she went to his address, she saw the vehicle parked there. Egeberg came to the door of the residence, and the officer testified he matched the woman's general description. The officer asked Egeberg to step outside of the house, away from his mother, to talk about the incident, and Egeberg complied. The officer testified Egeberg told her that he had left a bar near the incident and he was attempting to tuck his shirt into his shorts when his shorts fell down. The officer testified Egeberg said he then entered his vehicle and drove it home. According to the officer, she detected a strong odor of alcohol on Egeberg's breath during their conversation, and she asked him to perform field sobriety tests. The officer testified she arrested Egeberg after he completed three field sobriety tests.

■ [¶ 10] The officer knew Egeberg had a strong odor of alcohol on his breath and he had either deliberately or inadvertently dropped his shorts in public. We need not decide whether Egeberg deliberately or inadvertently dropped his shorts in public, because either scenario, coupled with the strong odor of alcohol on his breath, provides some signs of physical or mental impairment caused by alcohol. Egeberg also admitted driving his vehicle. Although the officer did not specifically testify whether Egeberg failed the field sobriety tests, she testified she arrested him after those tests. The clear implication from the arrest immediately after Egeberg completed those tests is that he failed the tests. During the course of the disorderly conduct investigation, the officer obtained reasonably trustworthy incremental information about Egeberg's level of intoxication which was sufficient to warrant a reasonable person in believing he had driven while under the influence. Probable cause does not require the commission of an offense be established with absolute certainty, or beyond a reasonable doubt. See State v. Serr, 1998 ND 66, ¶ 10, 575 N.W.2d 896. We believe the incremental facts and circumstances within the officer's knowledge and of which she had reasonable trustworthy information were sufficient to warrant a person of reasonable caution in believing Egeberg had driven while under the influence of alcohol. We conclude the officer had probable cause to arrest Egeberg for driving under the influence. The results of Egeberg's blood test were obtained incident to that lawful arrest, and the trial court did not err in refusing to dismiss the charges against him, or in denying his motion to suppress the results of the blood test.

IV

■ [¶ 11] Egeberg argues statements he made to the officer were obtained in violation of his Fifth Amendment right against self-incrimination. Egeberg argues he was in custody when he was questioned by the officer.

[¶ 12] In Miranda v. Arizona, 384 U.S. at 444, 86 S.Ct. 1602, the United States Supreme Court held the prosecution may not use statements made during the "custodial interrogation" of a defendant unless it demonstrates the use of procedural safeguards, now generally referred to as Miranda warnings, to secure the privilege against self-incrimination. The Court defined "custodial interrogation" to mean "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. See State v. Fields, 294 N.W.2d 404, 408 (N.D.1980) (applying custody test for determining application of Miranda).

[¶ 13] The trial court, in its oral decision from the bench, found Egeberg was not in custody when he made statements prior to the Miranda warning, and after he was arrested, he was given the Miranda warning. The court denied Egeberg's motion to suppress his statements to the officer, stating he was free to leave prior to the

arrest and he was read the *Miranda* warning after he was arrested. The officer testified Egeberg was free to leave when she was initially discussing the incident with him. The court's finding Egeberg was free to leave is supported by competent evidence, and the officer's general investigatory questioning of Egeberg outside his residence about a possible disorderly conduct was not a custodial situation. *See State v. Martin*, 543 N.W.2d 224, 228 (N.D.1996) (holding defendant was not in custody for investigatory questioning in police car during winter storm). The trial court did not err in refusing to suppress those statements. Egeberg's statements after the *Miranda* warning were also admissible, and the court did not err in refusing to suppress those statements.

### V

[¶ 14] We affirm the conviction.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.