2004 ND 168

STATE of North Dakota, Plaintiff and Appellee,

v.

Terry Myron SPIDAHL, Defendant and Appellant.

Nos. 20030348, 20030349, 20030350, 20030351, 20030352.

Supreme Court of North Dakota.

Aug. 31, 2004.

Lonnie Olson (on brief), State's Attorney, Devils Lake, for plaintiff and appellee.

Steven M. Light (on brief), Larivee & Light, Grand Forks, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Terry Spidahl appealed from judgments of conviction for possession of a controlled substance and possession of drug paraphernalia. We affirm, concluding the trial court did not err in denying Spidahl's motion to suppress evidence.

I

[¶ 2] On March 4, 2003, at approximately 10:30 p.m., Officer Ertelt of the Devils Lake Police Department was patrolling in downtown Devils Lake. He noticed a vehicle, which had been reported stolen several weeks earlier, parked in front of a bar. He ran a check on the VIN number and confirmed that the vehicle had been reported stolen.

[¶ 3] When two men got in the vehicle and began driving away, Officer Ertelt activated his overhead lights and stopped the vehicle. While another officer questioned the driver, Officer Ertelt asked Spidahl, who had been in the passenger seat, to get out of the vehicle. Officer Ertelt then patted down Spidahl, handcuffed him, and placed him under arrest for possession of a stolen vehicle. A subsequent search of Spidahl produced three baggies with marijuana residue, a pocket knife, rolling papers, and two vials containing a white substance, a syringe, tin foil, a pen tube, and a broken spoon. A search of the vehicle uncovered two digital scales and a tin tray wrapped in a flannel shirt on the passenger seat, and two hand scales located in a compartment in the passenger-side door of the vehicle.

[¶ 4] As a result of the items found in the stolen vehicle and on Spidahl's person, a search warrant was issued for Spidahl's home. Officers found methamphetamine paraphernalia and marijuana in Spidahl's home.

[¶ 5] Spidahl was charged with possession of controlled substances and possession of drug paraphernalia. Spidahl moved to suppress the evidence obtained from the search of his person, and a hearing was held. The trial court denied the motion, concluding that Spidahl had properly been arrested for possession of a stolen vehicle and that the search of his person was a valid search incident to arrest. Spidahl entered conditional pleas of guilty reserving his right to appeal.

II

[¶ 6] The dispositive issue on appeal is whether Officer Ertelt had probable cause to arrest Spidahl for unauthorized use of a motor vehicle.

[¶ 7] Officer Ertelt testified that, prior to the search of Spidahl's person which

produced the drug-related items, he had handcuffed Spidahl and arrested him for possession of a stolen vehicle. The relevant statute is N.D.C.C. § 12.1–23–06(1):

A person is guilty of an offense if, knowing that he does not have the consent of the owner, he takes, operates, or exercises control over an automobile, train, aircraft, motorcycle, motorboat, or other motor-propelled vehicle of another.

[¶ 8] Spidahl argues our decision in *In re J.D.*, 494 N.W.2d 160 (N.D.1992), establishes that the officer lacked probable cause in this case. In *J.D.*, the juvenile court determined the juvenile had committed the delinquent act of unauthorized use of a vehicle under N.D.C.C. § 12.1–23–06(1). We reversed the juvenile court's order, concluding there was insufficient evidence to prove beyond a reasonable doubt that the juvenile had committed the delinquent act. Because the juvenile had not been driving the stolen vehicle, the case turned on the determination whether he had exercised control over the vehicle in violation of the statute. We concluded that the statutory language "exercises control" required that the juvenile had exercised some degree of authority, direction, or command over the vehicle. *J.D.*, at 164.

[¶ 9] Our decision in *J.D.* is not, however, dispositive of this case. In *J.D.*, we were determining whether there was evidence to prove *beyond a reasonable doubt* that the juvenile had exercised control over a vehicle. The degree of evidence needed to create probable cause to arrest, as applied by an officer in the field, is far less than beyond a reasonable doubt. We decline to hold that, as a matter of law, a police officer lacks probable cause to believe that a passenger in a stolen vehicle exercised authority, direction, or command over the vehicle.

[¶ 10] We recently outlined our standard for reviewing a determination that there was probable cause to arrest:

When determining whether an officer had probable cause to arrest, we review the facts and circumstances known by the officer and apply a totality-of-the-circumstances standard:

The term "reasonable grounds" is synonymous with the term "probable cause." *See Henderson v. Director, North Dakota Dep't of Transp.*, 2002 ND 44, ¶ 8, 640 N.W.2d 714. "Probable cause to arrest exists when the facts and circumstances within police officers' knowledge and of which they have reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed." *Id.* (quoting *Fargo v. Egeberg*, 2000 ND 159, ¶ 8, 615 N.W.2d 542). When making a probable cause determination, we consider the totality of the circumstances. Whether probable cause exists is a question of law, fully reviewable on appeal.

*Sonsthagen v. Sprynczynatyk*, 2003 ND 90, ¶ 17, 663 N.W.2d 161 (citations omitted). To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred. *State v. Waltz*, 2003 ND 197, ¶ 10, 672 N.W.2d 457; *Obrigewitch v. Director, N.D. Dep't of Transp.*, 2002 ND 177, ¶ 10, 653 N.W.2d 73. Even though conduct may have an innocent explanation, "probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers." *Waltz*, at ¶ 13 (quoting *State v. Ringquist*, 433 N.W.2d 207, 215 (N.D.1988)).

*State v. Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897; *see also Baer v. Director, North Dakota Dep't of Transp.*, 1997 ND 222, ¶ 11, 571 N.W.2d 829.

[¶ 11] Probable cause does not require that commission of the offense be established with absolute certainty, or proved beyond a reasonable doubt. *Henderson v. Director, North Dakota Dep't of Transp.*, 2002 ND 44, ¶ 8, 640 N.W.2d 714; *City of Fargo v. Egeberg*, 2000 ND 159, ¶ 10, 615 N.W.2d 542. Probable cause may, in fact, be less than a preponderance of the evidence. *In re A.E.*, 1997 ND 9, ¶ 27, 559 N.W.2d 215 (Sandstrom, J., concurring); *In re M.D.N.*, 493 N.W.2d 680, 690 (N.D.1992) (Levine, J., concurring in the result). Probable cause to arrest exists when "the incremental facts and circumstances within the officer's knowledge and of which she had reasonable trustworthy information were sufficient to warrant a person of reasonable caution in believing" an offense has been committed. *Egeberg*, at ¶ 10.

[¶ 12] In this case, the officer observed a vehicle which had been reported stolen several weeks earlier. It was late at night, and the vehicle was parked in front of a bar. Two individuals entered the vehicle and began driving away. While the facts and circumstances known to the officer may not, in light of our opinion in *J.D.*, have been sufficient to establish beyond a reasonable doubt that Spidahl had committed the crime of unauthorized use of a motor vehicle and supported a conviction, they were sufficient, when viewed in totality, to "furnish a prudent person with reasonable grounds for believing a violation has occurred." *Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897.

[¶ 13] We conclude the trial court did not err in determining Officer Ertelt had probable cause to arrest Spidahl and the subsequent search was a valid search inci-dent to arrest. The court therefore did not err in denying the motion to suppress.

### III

[¶ 14] We have considered the remaining issues and arguments raised by the parties and find they are either without merit or are unnecessary to our decision. The judgments of conviction are affirmed.

[¶ 15] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.